**Ed COOKS, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 10–09–00009–CR.**

Court of Appeals of Texas, Waco.

Nov. 10, 2010.

Damara H. Watkins, Corsicana, for Appellant.

R. Lowell Thompson, Navarro County Crim. Dist. Atty., Corsicana, for Appellee.

Before Chief Justice GRAY, Justice REYNA, and Justice DAVIS.

## ABATEMENT ORDER

PER CURIAM.

The reporter's record in this appeal was originally due on April 13, 2009. We previously abated the appeal for the trial court to determine why the record had not been filed and to establish a deadline for the court reporter to file the record. The trial court did so, but after the reporter failed to file the record by the newly-established deadline, she appeared before this Court for a hearing to determine the status of the record. The reporter testified before this Court that the reporter's record cannot be prepared or certified because her paper notes are badly damaged and because significant portions of the tape recordings of the trial are inaudible. Based on this testimony, Cooks's counsel has filed a motion for new trial with this Court due to a lost or destroyed record. *See* TEX.R.APP. P. 34.6(f). We will abate the appeal to the trial court a second time for a hearing to determine whether the reporter's record is "lost or destroyed" within the meaning of Rule 34.6(f).

### Background

Throughout the course of this appeal, the reporter, Nancy Currie, has proffered numerous reasons for her inability to timely file the record. In April 2009, she requested an extension stating, "I had a computer crash and lost my disk file on this case and am having to rewrite the whole week's trial with the exception of one day." In July 2009, she requested an extension stating, "As I had previously told the Court, I am having to rewrite this Record and have had trouble finding time.

I am going to take a week off at the end of July to devote all attention to this Record and have employed a scopist to help with it." After this request was granted, there was a period of several months during which Currie was effectively not in communication with the Clerk of this Court. In April 2010, Currie requested a three-week extension stating, "My court reporting software had a malfunction and the company has just got it fixed. My steno machine quit working and I have sent it to another reporter to have it rewritten."

After Currie failed to meet the deadline established in response to her April 2010 extension request, the Court abated this appeal (along with two others for which Currie was responsible for the reporter's record) to the trial court for a hearing to determine: (1) why Currie had failed to file the records; (2) Currie's current contact information; (3) a date certain by which Currie could file the records in question; and (4) whether any sanctions should be imposed.

Currie assured the trial court at the abatement hearing that the record for this appeal could be prepared and filed within four weeks. Accordingly, a deadline of July 30, 2010 was established. When Currie failed to meet this deadline, she was ordered to appear before this Court where she testified that the reporter's record cannot be prepared or certified because her paper notes are badly damaged and because significant portions of the tape recordings of the trial are inaudible.

### Lost or Destroyed Record

Rule 34.6(f) provides:

Reporter's Record Lost or Destroyed. An appellant is entitled to a new trial under the following circumstances:

(1) if the appellant has timely requested a reporter's record;

(2) if, without the appellant's fault, a significant exhibit or a significant portion of the court reporter's notes and records has been lost or destroyed or—if the proceedings were electronically recorded—a significant portion of the recording has been lost or destroyed or is inaudible;

(3) if the lost, destroyed, or inaudible portion of the reporter's record, or the lost or destroyed exhibit, is necessary to the appeal's resolution; and

(4) if the lost, destroyed or inaudible portion of the reporter's record cannot be replaced by agreement of the parties, or the lost or destroyed exhibit cannot be replaced either by agreement of the parties or with a copy determined by the trial court to accurately duplicate with reasonable certainty the original exhibit.

TEX.R.APP. P. 34.6(f).

The Court of Criminal Appeals has established the standard for determining when a record may be considered "lost or destroyed" for purposes of Rule 34.6(f).

[T]he court reporter's repeated failure to file the record does not, by itself, provide a sufficient basis for concluding that the court reporter's notes and records have been "lost or destroyed," so as to justify granting a new trial. An appellate court can and should exercise its contempt power to compel an errant court reporter to prepare and file the record. The Rules of Appellate Procedure also give appellate courts the power to take other actions designed to ensure the preparation and filing of the record, including the appointment of a substitute court reporter to prepare and file the record from the original court reporter's notes. A court reporter's notes and records, or portions thereof, can be considered "lost" only if the miss-

ing portions of the appellate record are irretrievable.

*Johnson v. State,* 151 S.W.3d 193, 196 (Tex.Crim.App.2004) (footnotes omitted).

Currie still has the paper notes from Cooks's trial but has testified that they have been torn and are in such a state of disarray that she cannot with confidence prepare a record which she can certify to be true and correct. However, her personal view is not the final word. *See id.*

Currie testified about personal matters that call into question her ability to prepare the record. We also recognize that the trial judge is likely not trained to evaluate her notes and recordings and determine whether a proper record can be prepared. Therefore, the trial court should consider appointing a certified reporter to review Currie's notes and recordings and determine whether a proper reporter's record can be prepared from them.[1] *See Routier v. State,* 112 S.W.3d 554, 563–70 (Tex.Crim.App.2003); *see also* TEX. GOV'T CODE ANN. § 52.042(a) (Vernon 2005); TEX.R.APP. P. 13.5; *Johnson,* 151 S.W.3d at 196.

### Terms of Abatement

■ Based on Currie's testimony before this Court, we lack confidence that she is willing or able to prepare the reporter's record in this appeal, even under threat of contempt. Therefore, we will abate this appeal to the trial court for a hearing to determine:

1. Under the circumstances, it seems unlikely that the trial court can accurately determine that the reporter's record is irretrievably lost or destroyed without an evaluation of Currie's notes and tape recordings by a different court reporter.

2. We are abating two appeals in which Currie has overdue records. An assigned judge presided over Cooks's trial, but the elected judge presided over the other trial. We direct these

(1) whether Currie is capable of preparing the reporter's record in this appeal;

(2) whether another certified reporter should be appointed to review Currie's notes and recordings and determine whether a proper reporter's record can be prepared from them;

(3) whether the reporter's record is "irretrievably" lost; and

(4) if the record is not "irretrievably" lost, a reasonable time period within which the reporter's record can be prepared and filed with this Court.[2]

While this appeal is abated, two (or more) hearings may be required. The first should be held at the earliest opportunity to determine whether Currie is capable of preparing the record and whether another certified reporter should be appointed to review her notes and recordings. If another reporter is appointed, a subsequent hearing would be necessary to consider his or her report about whether a proper record can be prepared.

■ To save time, the parties may stipulate to many of the issues to be resolved while this appeal is abated. However, this Court will not accept a stipulation that the record is lost or destroyed without an evaluation by a different court reporter. While the appeal is abated, the Court requests the trial court (or a party at the trial court's direction) to advise the Clerk

judges to consult with each other and consider both cases in choosing filing deadlines. We leave it to the discretion of the judges to determine the order in which these records are to be filed, giving due consideration to: (1) the age of the cases; (2) the relative ease with which a particular record can be prepared; (3) the preferences of the parties; and (4) any other considerations the judges deem relevant.

of this Court in writing on a semi-monthly basis regarding the status of this matter.

Therefore, this appeal is abated for an initial period of sixty days for the trial court to determine the issues identified and ultimately determine: (1) whether the reporter's record is lost or destroyed; or (2) a reasonable time period in which the reporter's record can be prepared and filed in this Court. The trial court has discretion to schedule hearings during the abatement period as necessary. All hearings shall be attended by a certified court reporter who shall prepare a transcription of such hearings and file that transcription or those transcriptions as a supplemental reporter's record or records in this appeal.

The trial court shall prepare written findings of fact and conclusions of law with regard to the issues identified in this abatement order. The district clerk shall prepare a supplemental clerk's record containing such findings of fact and conclusions of law as well as any pleadings filed with regard to this matter and any orders signed by the trial court.

The district clerk and the court reporter shall file their supplemental records with the Clerk of this Court within ninety days after the date of this Order. If the trial court determines that additional time is required to resolve the issues identified, the trial court (or a party at the trial court's direction) shall file a written request for additional time explaining the reason(s) and the diligence which has been exercised in attempting to comply with the 60-day deadline established by this Order.

We will hold Cooks's motion for new trial in abeyance until the trial court has determined, in accordance with the terms of this Order, whether the reporter's record has been lost or destroyed.