# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

---

## NO. 03-13-00102-CR

---

**Isaul Tavera, Appellant**

**v.**

**The State of Texas, Appellee**

---

**FROM THE DISTRICT COURT OF TRAVIS COUNTY, 299TH JUDICIAL DISTRICT
NO. D-1-DC-00-007029, THE HONORABLE JON N. WISSER, JUDGE PRESIDING**

---

## M E M O R A N D U M   O P I N I O N

**PER CURIUM**

   Isaul Tavera pleaded guilty to unlawful restraint in exchange for a suspended sentence and placement on community supervision. *See* Tex. Penal Code § 20.02; Tex. Code Crim. Proc. art. 42.12, § 3. The trial court subsequently revoked his community supervision and sentenced him to three years' imprisonment. *See* Tex. Code Crim. Proc. art. 42.12, §§ 21, 23. Tavera now appeals the judgment revoking his community supervision.[1]

---

[1] Tavera originally pleaded guilty in 2001. His community supervision was revoked in May 2006. No notice of appeal was filed. However, in December 2012, Tavera filed an application for a writ of habeas corpus pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure alleging that he was denied his right to appeal. *See* Tex. Code Crim. Proc. art. 11.07. Apparently, appellate counsel was only appointed after the deadline for filing a notice of appeal had passed because Tavera's counsel at the revocation hearing failed to timely withdraw from representation. Relying on the trial court's determination that Tavera desired to appeal but was denied his right to appeal through no fault of his own, the Court of Criminal Appeals granted Tavera the opportunity to file an out-of-time appeal. *See Ex parte Tavera*, No. AP-76,949, 2013 WL 172861, *1 (Tex. Crim. App. Jan. 16, 2013).

The reporter's record in this appeal was originally due on April 5, 2013. After the court reporter failed to respond to this Court's notice that the record was overdue, we issued an order directing the court reporter of the 299th District Court, Angela Chambers, to tender the reporter's record for filing no later than June 12, 2013. Ms. Chambers responded to our notice, explaining that Tavera's case was transcribed by the former court reporter for the 299th District Court, Leon Justice.

Subsequent communications with this Court indicated that another court reporter, Jennifer Corley, also handled portions of the case, although Mr. Justice transcribed the revocation hearing.[2] We were then notified that Mr. Justice was experiencing technical difficulties in producing his portion on the record. Apparently, Mr. Justice is unable to produce a properly formatted record from his recordings, and his older version of court reporting software is not compatible with the current version used by Ms. Chambers. Thus, attempts to convert the data from Mr. Justice's recordings into a format that could produce a properly formatted record were unsuccessful. There were subsequent communications with Ms. Chambers about the possibility of her producing a record from Mr. Justice's recordings.[3]

On January 9, 2014, we received, via electronic filing from Ms. Chambers, a record of the revocation hearing in this case. However, the record does not comply with the Texas Rules of Appellate Procedure. It is not properly formatted nor is it certified by Mr. Justice. Further, there

---

[2] Ms. Corley attempted to file her portions of the record; however, we initially rejected her portions of the record because the record must be filed as one consolidated record rather than piecemeal. *See* Tex. R. App. P. 2(a). We eventually filed Ms. Corley's portion of the record in a supplemental record while waiting for Mr. Justice's portion of the record to be filed.

[3] The last communication from Ms. Chambers, an email received on December 4, 2013, indicated that she was in the process of "rewriting" Mr. Justice's transcript (an unformatted transcript produced when importing the data in ASCII format), but abandoned that process because of deadlines she faced in her own workload.

are no exhibits accompanying this record, and we have been informed that there has been some difficulty in locating the exhibits that were admitted during the revocation hearing.

The rules of appellate procedure give appellate courts the power to take actions designed to ensure the preparation and filing of the record, including the appointment of a substitute court reporter to prepare and file the record from the original court reporter's notes. *See Johnson v. State*, 151 S.W.3d 193, 196 (Tex. Crim. App. 2004) (footnotes omitted); *Routier v. State*, 112 S.W.3d 554, 563–70 (Tex. Crim. App. 2003). Based on the information provided to this Court, it appears that the reporter's record from the revocation hearing may possibly be prepared from Mr. Justice's recordings. Therefore, we abate this appeal and remand this case to the trial court to conduct a hearing to determine:

(1)  whether Mr. Justice is capable of preparing a reporter's record of the revocation hearing in this appeal;

(2)  whether Ms. Chambers can review Mr. Justice's recordings and utilize them to prepare a reporter's record of the revocation hearing;

(3)  whether the exhibits admitted during the revocation hearing can be located;

(4)  whether a significant exhibit or significant portion of the reporter's record is "irretrievably" lost;[4] and

(5)  if the record is not "irretrievably" lost, a reasonable time period within which the reporter's record can be prepared and filed with this Court.

---

[4] Texas Rule of Appellate Procedure 34.6(f) provides that an appellant is entitled to a new trial if a significant and necessary part of the reporter's record is lost or destroyed through no fault of his own, the appellant timely requested the record, and the parties cannot agree to the record. *See* Tex. R. App. P. 34.6(f). A court reporter's notes and records, or portions thereof, can be considered "lost" only if the missing portions of the appellate record are irretrievable. *Johnson v. State*, 151 S.W.3d 193, 196 (Tex. Crim. App. 2004).

This hearing should be held at the earliest opportunity. To save time, the parties may stipulate to some of the issues to be resolved.

The trial court shall determine the issues identified above and ultimately determine: (1) a reasonable time period in which the reporter's record can be prepared and filed in this Court, or (2) whether the reporter's record is lost or destroyed as contemplated by Texas Rule of Appellate Procedure 34.6(f). *See Johnson*, 151 S.W.3d at 196. The trial court shall prepare written findings of fact and conclusions of law with regard to the issues identified in this opinion. The district clerk shall prepare a supplemental clerk's record containing such findings of fact and conclusions of law as well as any orders signed by the trial court. The court reporter shall prepare a transcription of the hearing and file that transcription as a supplemental reporter's record in this appeal.

The district clerk and the court reporter shall file their supplemental records with the Clerk of this Court within 30 days of the date of this opinion. If the trial court determines that additional time is required to resolve the issues identified, the trial court shall file a written request for additional time explaining the reason(s) and the diligence which has been exercised in attempting to comply with the deadline established by this opinion.

Before Justices Puryear, Goodwin, and Field

Filed:   January 22, 2014

Do Not Publish