

In The

# Court of Appeals

## Seventh District of Texas at Amarillo

_____

No. 07-14-00034-CR

_____

DAVID T. MENDOZA, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

On Appeal from the 137th District Court
Lubbock County, Texas
Trial Court No. 2006-414,757; Honorable Cecil G. Puryear, Presiding

July 28, 2014

## OPINION

Before QUINN, C.J., and HANCOCK and PIRTLE, JJ.

On August 30, 2007, following a plea of not guilty, Appellant, David T. Mendoza, was convicted by a jury of two counts of aggravated assault with a deadly weapon[1] and sentenced to twenty years confinement as to each count. No notice of appeal was timely filed.

_____

[1] TEX. PENAL CODE ANN. § 22.02(a)(2) (West 2011). As indicted, an offense under this section is a felony of the second degree.

Subsequently, pursuant to the provisions of article 11.07 of the Texas Code of Criminal Procedure, Appellant filed an application for a writ of habeas corpus, contending his trial counsel rendered ineffective assistance of counsel because he failed to timely file a notice of appeal. After trial counsel submitted an affidavit in which he conceded that he did not file a notice of appeal, despite being requested to do so, the Court of Criminal Appeals granted Appellant an "out-of-time appeal," allowing him until February 14, 2014, to file written notice of appeal. Notice of Appeal was filed on February 6, 2014.

The clerk's record was thereafter filed on April 1, 2014. After two extensions of time were granted in which to file the reporter's record, the reporter notified this Court she would be unable to transcribe certain portions of the record due to incomplete notes and inaudible cassettes from the original reporter who had since passed away.[2]

By order dated June 16, 2014, this Court abated the appeal and remanded the cause to the trial court to determine, among other things, whether the portions of the reporter's record which could not be transcribed could be replaced by stipulation or agreement of the parties and if not, whether the untranscribed portions were "necessary to disposition of this appeal."[3] On July 16, 2014, pursuant to this Court's order, the trial court[4] entered *Findings of Fact and Conclusions of Law* as follows:

---

[2] In the interim period between the date of the original trial and the filing of the out-of-time notice of appeal, the official court reporter at trial, Beverly Cleveland, passed away.

[3] *See Mendoza v. State*, No. 07-14-00034-CR, 2014 Tex. App. LEXIS 6485, at *3 (Tex. App.—Amarillo June 16, 2014, no pet. h.).

[4] Originally tried before the Honorable Cecil Puryear; a hearing on this Court's request for *Findings of Fact and Conclusions of Law* was conducted by the current presiding judge of the 137th District Court, the Honorable John J. (Trey) McClendon, III.

1. There are significant portions of the record from the underlying trial which cannot be transcribed, to-wit: the bench conferences, because the audio recording of the bench conferences were not properly preserved or have become inaudible for various reasons, thus making them unavailable.

2. The parties were unable to stipulate or otherwise agree as to the content of the missing portions of the record due to the age of the case.

3. The portions of the record that cannot be transcribed or replaced are necessary for the disposition of this appeal.

If, through no fault of the appellant, a reporter's record is lost, destroyed or a significant portion of the recordings is inaudible, an appellant is entitled to a new trial, TEX. R. APP. P. 34.6(f)(2), if that portion of the record is necessary to the appeal's resolution and the lost, destroyed or inaudible portion cannot be replaced by agreement of the parties. *Id.* at (f)(3), (4).

A new trial is appropriate when the missing portion of the record is necessary to the disposition of the appeal. *See generally Nava v. State*, 289, 305 (Tex. Crim. App. 2013). Here, the trial court determined that the missing portions of the reporter's record are necessary for resolution of this appeal. Consequently, we reverse the trial court's judgment and remand the cause for a new trial.

Patrick A. Pirtle
Justice

Publish.