**Reinstated; Reversed and Remanded and Opinion filed April 7, 2015.**



**In The**

# Fourteenth Court of Appeals

---

## NO. 14-13-00922-CR

---

### KAREN WOODING BRYANT, Appellant

### V.

### THE STATE OF TEXAS, Appellee

---

**On Appeal from the County Criminal Court at Law No. 8
Harris County, Texas
Trial Court Cause No. 1872448**

---

## O P I N I O N

A jury convicted appellant of the misdemeanor offense of assault of a family member. On September 12, 2013, the trial court sentenced appellant to confinement for one year in the Harris County Jail and assessed a fine of $4,000. The trial court probated the sentence and placed appellant on community supervision for nine months. Appellant filed a timely notice of appeal.

The reporter's record from the trial was due on or before November 11, 2013. Sondra Humphrey, the substitute court reporter responsible for the record in

this case, has not filed the reporter's record from the trial.

On April 10, 2014, we abated the appeal and directed the trial court to conduct a hearing to determine the reason for the failure to file the record. The Hon. Sherman A. Ross, the former Presiding Judge of the Harris County Criminal Courts at Law, was assigned to hear the proceedings regarding the past due reporter's records taken by Sondra Humphrey in this case and eight other cases pending in both this court and the Court of Appeals for the First District of Texas. *See* Tex. Gov't Code Ann. § 74.056 (West 2013). Judge Ross issued many orders and conducted numerous hearings to assist the appellate courts in obtaining the reporter's records in these cases. After it became apparent that Ms. Humphrey was unable to provide a complete record in this case, Judge Ross ordered Ms. Humphrey to provide the court with her computerized stenographic notes and an audio recording of the trial so that another court reporter could attempt to complete the record. After much delay, Ms. Humphrey's notes and an audio recording in this case were delivered to the court. Judge Ross appointed another court reporter to attempt to reconstruct the record, but that court reporter was unable to do so. After finding that Ms. Humphrey violated several of the court's orders, Judge Ross held her in contempt of court. On August 15, 2014, Judge Ross sentenced Ms. Humphrey to confinement for 30 days in the Harris County Jail and assessed a $500 fine.

Records from several hearings conducted by Judge Ross were filed in this court. In addition, counsel for the State submitted proposed Findings of Fact and Conclusions of Law concerning the status of the records for this case and eight other cases reported by Ms. Humphrey. Based upon these records and the State's proposed findings and conclusions, it appeared that the reporter's record in this appeal may have been "lost or destroyed" for purposes of appeal.

2

On November 20, 2014, this court issued an order directing Judge Ross to make and file findings of fact and conclusions of law concerning whether appellant is entitled to a new trial, as required under Texas Rule of Appellate Procedure 34.6(f). Rule 34.6(f) of the Texas Rules of Appellate Procedure, entitled "*Reporter's Record Lost of Destroyed*," provides that an appellant is entitled to a new trial when the reporter's record or exhibits are lost, under the following circumstances:

(1) if the appellant timely requested a reporter's record;

(2) if, without the appellant's fault, a significant exhibit or a significant portion of the court reporter's notes and records has been lost or destroyed or—if the proceedings were electronically recorded—a significant portion of the recording has been lost or destroyed or is inaudible;

(3) if the lost, destroyed, or inaudible portion of the reporter's record, or the lost or destroyed exhibit, is necessary to the appeal's resolution; and

(4) if the lost, destroyed or inaudible portion of the reporter's record cannot be replaced by agreement of the parties, or the lost or destroyed exhibit cannot be replaced either by agreement of the parties or with a copy determined by the trial court to accurately duplicate with reasonable certainty the original exhibit.

Tex. R. App. P. 34.6(f).

The Texas Court of Criminal Appeals has determined that an incomplete record does not result in an automatic reversal under the 1997 amended appellate rules. *See Issac v. State*, 989 S.W.2d 754, 756 (Tex. Crim. App. 1999). Instead, a harm analysis is required when considering a missing or incomplete reporter's record. *Id.* at 757. The provision in Rule 34.6 requiring an appellant to show that the missing portion of the record is necessary to her appeal is essentially a requirement that the appellate court perform a harm analysis. *Nava v. State*, 415 S.W.3d 289, 306 (Tex. Crim. App. 2013) (citing *Routier v. State*, 112 S.W.3d 554,

3

571 (Tex. Crim. App. 2003)). If the missing portion of the record is not necessary to the appeal's resolution, then the loss of that portion of the record is harmless and a new trial is not required. *Routier*, 112 S.W.3d at 571–72; *Issac*, 989 S.W.2d at 757.

On March 3, 2015, Judge Ross filed findings of fact and conclusions of law, which were made part of a supplemental clerk's record filed March 11, 2015. Accordingly, the appeal is ordered reinstated. Included in the trial court's findings of fact were the following:

> At the request of the parties, the undersigned judge directed Brenna DeMoss, official court reporter for County Criminal Court at Law No. 11 of Harris County, Texas, to review the audio files, and stenographic notes submitted to the Court by Ms. Humphrey.
>
> Ms. DeMoss could not reconstruct a complete reporter's record based upon the audio and stenographic notes submitted to the Court by Ms. Humphrey.
>
> Ms. Humphrey's medical condition, personal, and professional problems during the latter part of 2013, and early 2014, up to and including the contempt hearings [in this case and eight other cases] indicate she may not have been in a condition to transcribe the proceedings, or otherwise conduct herself in a professional manner.
>
> The appellant timely filed a notice of appeal.
>
> This case did not involve a waiver of a court reporter, nor was it a mere formality or summary proceeding.
>
> The appellant bears no fault for Ms. Humphrey's failure to complete and file the reporter's record.
>
> The reporter's record is necessary to the appeal's resolution.
>
> The reporter's record cannot be replaced by agreement of the parties to the facts contained in the record, if [no] complete and legible record exists.
>
> The exhibits or copies of the exhibits are available.
>
> Based upon Ms. Humphrey's representations to this court regarding the status of the reporter's record, and her failure to either file the

completed record or provide the court with stenographic notes capable of being transcribed by another official court reporter using the same software system resulting in a complete record[,] this Court does not find Ms. Humphrey to be credible.

The undersigned finds Ms. Humphrey failed to file the record because she had neither a complete stenographic record, nor a complete audio recording of the proceedings in the trial court; or she willfully refused and continues to refuse to fully and accurately transcribe her notes.

This Court does not believe a complete record will ever be filed by Ms. Humphrey or another court reporter.

Judge Ross also made the following conclusions of law:

Sondra Humphrey violated her oath to keep a correct, impartial record of (1) the evidence offered in the case; (2) the objections and exceptions made by the parties to the case; and (3) the rulings and remarks made by the court in determining the admissibility of testimony presented in the case. Tex. Gov't Code Ann. § 52.045(b) (West Supp. 2014).

The appellant is entitled to a new trial. Tex. R. App. P. 34.6(f).

We agree with the trial court's conclusion that appellant is entitled to a new trial. Judge Ross determined that Ms. Humphrey's notes and audio recording were incomplete and incapable of being transcribed by another court reporter. The record supports Judge Ross's finding that the reporter's record in this case is irretrievably lost. *See Johnson v. State*, 151 S.W.3d 193, 196 (Tex. Crim. App. 2004) (stating a court reporter's notes and records can be considered "lost" only if the missing portions of the appellate record are irretrievable); *see Mendoza v. State*, 439 S.W.3d 564, 565 (Tex. App.—Amarillo 2014, no pet.) (finding appellant was entitled to a new trial where the court reporter was unable to transcribe certain portions of the record due to incomplete notes and inaudible cassettes from the original reporter who had since passed away). Judge Ross conducted numerous hearings and issued many orders, including orders that Ms. Humphrey remain at

the courthouse to work on the record, in an effort to obtain a complete reporter's record. Judge Ross ultimately found Ms. Humphrey in contempt of court for failure to comply with his orders to complete the record. *See Johnson,* 151 S.W.3d at 196 (stating a court should exercise its contempt power to compel an errant court reporter to prepare and file the record). When it became apparent that Ms. Humphrey would not file a complete and accurate record, the court unsuccessfully attempted to have another court reporter transcribe the record from Ms. Humphrey's notes and audio recording. *See Routier*, 112 S.W.3d at 567 (approving the trial court's use of another court reporter to correct and edit an inaccurate reporter's record).

We also agree with Judge Ross's finding that the missing reporter's record is necessary to appellant's appeal. A new trial is required when the missing record is necessary to the appeal's resolution. *Osuch v. State*, 976 S.W.2d 810, 812 (Tex. App.—Houston [1st Dist.] 1998, no pet.) (concluding a destroyed videotape of the driver performing field sobriety tests was "necessary to the appeal's resolution" and the defendant was entitled to a new trial because he challenged whether a custodial interrogation occurred during his performance of the tests).

We have no reporter's record from the entire trial. Appellant's ability to present meaningful issues on appeal after a jury trial is severely limited in the absence of a reporter's record. In a criminal case, if appellant complains that "the evidence is insufficient to support a finding of guilt, the record must include all the evidence admitted at the trial on the issue of guilt or innocence and punishment." Tex. R. App. P. 34.6(c)(5). Without a complete reporter's record of the evidence before the jury, appellant cannot demonstrate the evidence is insufficient. *Martin v. State*, 13 S.W.3d 133, 140 (Tex. App.—Dallas 2000, no pet.). We therefore conclude that appellant has been harmed by the absence of a reporter's record.

The trial court's judgment is reversed, and this cause is remanded for a new trial.

PER CURIAM

Panel consists of Chief Justice Frost and Justices Boyce and McCally.

Publish — Tex. R. App. P. 47.2(b).