**Opinion issued June 9, 2015**



In The

# Court of Appeals

For The

# First District of Texas

_____

### NO. 01-13-01048-CR

_____

### LUIS SANCHEZ ACOSTA, Appellant

### V.

### THE STATE OF TEXAS, Appellee

---

**On Appeal from the County Criminal Court at Law No. 8**
**Harris County, Texas**
**Trial Court Case No. 1881137**

---

## MEMORANDUM OPINION

A jury convicted appellant, Luis Sanchez Acosta, of the misdemeanor offense of assault on a family member.[1] The trial court assessed punishment at

---

[1] *See* TEX. PENAL CODE ANN. § 22.01(a)(1) (West Supp. 2014).

confinement for 360 days and a fine of $4000.00, suspended the sentence and $3000.00 of the fine, and placed appellant on community supervision for two years. Appellant timely appealed from the trial court's judgment.

The trial court clerk filed the clerk's record in this Court on January 9, 2014. The reporter's record was due on January 13, 2014. On January 29, 2014, we notified the court reporter, Sondra Humphrey, that the reporter's record was late and ordered her to file the reporter's record no later than February 28, 2014. *See* TEX. R. APP. P. 37.3(a)(2). Humphrey responded by filing an information sheet stating that appellant had requested preparation of the reporter's record but had not paid, or made arrangements to pay, for the reporter's record. Accordingly, the Clerk of this Court notified appellant that the Court might consider his appeal without a reporter's record unless he provided proof that he had made arrangements to pay for the reporter's record or an explanation that he was exempt from paying for the reporter's record. *See* TEX. R. APP. P. 37.3(c). Appellant responded that he had timely filed an affidavit of indigency in the trial court and that court had determined that he was indigent for purposes of employing counsel and paying for the appellate record. Humphrey, however, did not file a reporter's record in this appeal.

On April 15, 2014, we abated the appeal and remanded the case to the trial court to determine why the reporter's record had not been filed and set a date for

2

filing the reporter's record. The Honorable Sherman A. Ross, the former Presiding Judge of the Harris County Criminal Courts at Law, was assigned to hear the proceedings regarding the past due reporter's record taken by Humphrey in this case and eight other cases pending in this Court and the Court of Appeals for the Fourteenth District of Texas. *See* TEX. GOV'T CODE ANN. § 74.056 (West 2013). Judge Ross issued many orders and conducted numerous hearings in an effort to obtain the reporter's records in these cases. *See* TEX. R. APP. P. 35.3(c). Although Judge Ross afforded Humphrey multiple opportunities to file the record, it became apparent that she was unable to provide a complete record in this case. Judge Ross, therefore, appointed a substitute court reporter, Brenna DeMoss, the official court reporter for County Criminal Court at Law No. 11 in Harris County, to evaluate whether a complete reporter's record could be prepared, certified, and filed in this case. Further, after finding that Humphrey had violated several of the court's orders, Judge Ross held her in contempt and, on August 15, 2014, assessed punishment at confinement in the Harris County Jail for thirty days and a $500 fine.

Finally, on March 3, 2015, the trial court signed findings of fact and conclusions of law in this case, which were filed with this Court in a supplemental clerk's record on April 27, 2015. These findings include the trial court's "Supplemental Findings of Fact" stating that:

3

4. Ms. Humphrey provided this court with her computerized stenographic notes that were incomplete.

5. Ms. Humphrey provided this court with an informal audio recording of the proceedings that was incomplete.

6. At the request of the parties, the undersigned judge directed Brenna DeMoss, official court reporter for County Criminal Court at Law No. 11, of Harris County, Texas, to review the audio files, and stenographic notes submitted to the Court by Ms. Humphrey.

7. Ms. DeMoss could not reconstruct a complete reporter's record based upon the audio and stenographic notes submitted to the Court by Ms. Humphrey.

8. Ms. Humphrey's medical condition, personal, and professional problems during the latter part of 2013, and early 2014, . . . indicate she may not have been in a condition to transcribe the proceedings, or otherwise conduct herself in a professional manner. . . .

10. The appellant timely filed a notice of appeal.

11. This case did not involve a waiver of a court reporter, nor was it a mere formality or summary proceeding.

12. The appellant bears no fault for Ms. Humphrey's failure to complete and file the reporter's record.

13. The reporter's record is necessary to the appeal's resolution.

14. The reporter's record cannot be replaced by agreement of the parties to the facts contained in the record, if a complete and legible record exists. . . .

16. Based upon Ms. Humphrey's representations to this court regarding the status of the reporter's record, and her failure to either file the completed record or provide the court with stenographic notes capable of being transcribed by another official court reporter using the same software system resulting in a complete record[,] this Court does not find Ms. Humphrey to be credible.

17. The undersigned finds Ms. Humphrey failed to file the record because she had neither a complete stenographic record, nor a complete audio recording of the proceedings in the trial court; or she willfully refused and continues to refuse to fully and accurately transcribe her notes.

18. This Court does not believe a complete record will ever be filed by Ms. Humphrey or another court reporter.

4

Judge Ross then concluded:

> 1.     Sondra Humphrey violated her oath to keep a correct, impartial record of (1) the evidence offered in the case; (2) the objections and exceptions made by the parties to the case; and (3) the rulings and remarks made by the court in determining the admissibility of testimony presented in the case. . . .
> 2.     The appellant is entitled to a new trial.

If, through no fault of the appellant, a reporter's record is lost or destroyed, and the portion of the record that is lost or destroyed is necessary to the appeal's resolution and cannot be replaced by agreement of the parties, the appellant is entitled to a new trial. TEX. R. APP. P. 34.6(f); *see Mendoza v. State*, 439 S.W.3d 564, 566 (Tex. App.—Amarillo 2014, no pet.). However, if the missing portion of a reporter's record is not necessary to the appeal's resolution—and the appellant is therefore not harmed by the incomplete reporter's record—the appellant is not entitled to a new trial. *See* TEX. R. APP. P. 34.6(f)(3); *Nava v. State*, 415 S.W.3d 289, 306 (Tex. Crim. App. 2013); *Routier v. State*, 112 S.W.3d 554, 571–72 (Tex. Crim. App. 2003); *Issac v. State*, 989 S.W.2d 754, 757 (Tex. Crim. App. 1999).

We agree with the trial court's conclusion that appellant is entitled to a new trial. *See Castillo v. State*, No. 01-13-00632-CR, 2015 WL 1778776, at *3 (Tex. App.—Houston [1st Dist.] Apr. 16, 2015, no pet. h.). Although Judge Ross provided Humphrey with numerous opportunities to provide a complete record and, when Humphrey proved unable to do so, appointed a substitute court reporter

to transcribe the record from Humphrey's stenographic notes and audio recordings, no record has been prepared or certified, and the substitute reporter testified that she was unable to prepare, certify, and file a reporter's record from Humphrey's notes and audio recordings. *See Johnson v. State*, 151 S.W.3d 193, 196 (Tex. Crim. App. 2004) (stating court has authority to appoint substitute court reporter to prepare and certify record from original reporter's notes). The record, therefore, supports the trial court's findings that Humphrey's stenographic notes and audio recording were incomplete and the missing portion of the record—the entire reporter's record—is irretrievably lost or destroyed. *See* TEX. R. APP. P. 34.6(f)(3); *Mendoza*, 439 S.W.3d at 565–66; *see also Johnson*, 151 S.W.3d at 196 (holding court reporter's notes and records, or portions thereof, can only be considered lost if missing portions of record are irretrievable and may not be considered lost based solely on reporter's repeated failure to file record).

The record further supports the trial court's finding that the missing reporter's record is necessary to appellant's appeal. There is no reporter's record from any portion of the trial in this case. And, in the absence of a reporter's record, we must presume the regularity of the documents in the trial court and are bound by the recitations in the records of the trial court, including the judgment. *See Breazeale v. State*, 683 S.W.2d 446, 450 (Tex. Crim. App. 1984). Therefore, without any reporter's record, and "[g]iven the circumstances of this case, it would

6

strain credulity to conclude that the destroyed reporter's record was unnecessary to the resolution of the appeal." *Villagomez Invs., L.L.C. v. Magee*, 294 S.W.3d 687, 690 (Tex. App.—Houston [1st Dist.] 2009, no pet.); *see also* TEX. R. APP. P. 34.6(c)(5) (requiring record include all evidence admitted at trial for criminal appellant to raise argument as to sufficiency of evidence); *id.* 38.1(g), (i) (requiring appellant's brief to contain statement of facts "supported by record references" and argument "with appropriate citations . . . to the record"); *Bryant v. State*, No. 14-13-00922-CR, 2015 WL 1622163, at *3 (Tex. App.—Houston [14th Dist.] Apr. 7, 2015, no pet. h.) ("Appellant's ability to present meaningful issues on appeal after a jury trial is severely limited in the absence of a reporter's record."); *cf. Issac*, 989 S.W.2d at 757 (declining to adopt automatic rule of reversal in cases with lost or destroyed reporter's record, but recognizing that "the lack of a record may in some cases deprive an appellate court of the ability to determine whether the absent portions are necessary to the appeal's resolution").

Finally, the court reporter represented to this Court, in her February 25, 2014 information sheet, that appellant requested preparation of the reporter's record be prepared, and the clerk's record includes appellant's designation of reporter's record. *See* TEX. R. APP. P. 34.6(f)(1). The record supports the trial court's findings that appellant "bears no fault" for the reporter's inability to produce the reporter's

record and the reporter's record cannot be replaced by agreement of the parties. *See id.* 34.6(f)(2), (4).

Accordingly, we reinstate this appeal, reverse the trial court's judgment, and remand the cause for a new trial. *See* TEX. R. APP. P. 34.6(f); *Castillo*, 2015 WL 1778776, at *3; *Mendoza*, 439 S.W.3d at 566. Any pending motions are dismissed as moot.

**PER CURIAM**

Panel consists of Justices Keyes, Huddle, and Lloyd.
Do not publish.   TEX. R. APP. P. 47.2(b).