**Opinion issued June 11, 2015**



In The

# Court of Appeals

For The

# First District of Texas

————————————

**NO. 01-13-00896-CR**

————————————

**VICTOR CHARLES BANKETT, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

---

**On Appeal from the County Criminal Court at Law No. 8**
**Harris County, Texas**
**Trial Court Case No. 1866497**

---

## MEMORANDUM OPINION

On September 20, 2013, following a plea of not guilty, appellant, Victor Charles Bankett, was convicted by a jury of the misdemeanor offense of burglary of a vehicle and was sentenced by the court to one year confinement in the county jail. *See* TEX. PENAL CODE ANN. § 30.04 (West Supp. 2014). Bankett timely

appealed from the trial court's judgment on September 20, 2013. The trial court clerk filed the clerk's record on November 13, 2013.

The reporter's record from the trial was due on November 19, 2013. The court reporter, Sondra Humphrey, requested and was granted an extension to file the record to January 15, 2014.

On April 15, 2014, we abated the appeal and remanded the case to the trial court for a determination regarding why the reporter's record had not yet been filed and for the trial court to set a date certain when the reporter's record would be filed. The Honorable Sherman A. Ross, the former Presiding Judge of the Harris County Criminal Courts at Law, was assigned to hear the proceedings regarding the past due reporter's records taken by Humphrey in this case and eight other cases pending in both this Court and the Court of Appeals for the Fourteenth District of Texas. *See* TEX. GOV'T CODE ANN. § 74.056 (West 2013). Judge Ross issued many orders and conducted numerous hearings in an effort to obtain the reporter's records in these cases. *See* TEX. R. APP. P. 35.3(c). Although Judge Ross afforded Humphrey multiple opportunities to file the record, it became apparent that she was unable to provide a complete record in this case. Judge Ross therefore appointed a substitute court reporter, Brenna DeMoss, the official court reporter for County Criminal Court at Law No. 11 in Harris County, to evaluate whether a complete reporter's record could be prepared, certified, and filed in this

case. Further, after finding that Humphrey violated several of the court's orders, Judge Ross held her in contempt and, on August 15, 2014, sentenced her to confinement in the Harris County Jail for thirty days and a $500 fine.

Finally, on March 3, 2015, the trial court signed findings of fact and conclusions of law in this case, which were filed with this Court in a supplemental clerk's record on March 11, 2015. The following are included in the trial court's "Supplemental Findings of Fact":

4. Ms. Humphrey provided this court with her computerized stenographic notes.
5. Ms. Humphrey provided this court with an informal audio recording of the proceedings.
6. At the request of the parties, the undersigned judge directed Brenna DeMoss, official court reporter for County Criminal Court at Law No. 11, of Harris County, Texas, to review the audio files, and stenographic notes submitted to the Court by Ms. Humphrey.
7. Ms. DeMoss could not reconstruct a complete reporter's record based upon the audio and stenographic notes submitted to the Court by Ms. Humphrey.
8. Ms. Humphrey's medical condition, personal, and professional problems during the latter part of 2013, and early 2014, . . . indicate she may not have been in a condition to transcribe the proceedings, or otherwise conduct herself in a professional manner. . . .
. . .
10. The appellant timely filed a notice of appeal.
11. This case did not involve a waiver of a court reporter, nor was it a mere formality or summary proceeding.
12. The appellant bears no fault for Ms. Humphrey's failure to complete and file the reporter's record.
13. The reporter's record is necessary to the appeal's resolution.

3

14. The reporter's record cannot be replaced by agreement of the parties to the facts contained in the record, if a complete and legible record exists.

. . .

16. Based upon Ms. Humphrey's representations to this court regarding the status of the reporter's record, and her failure to either file the completed record or provide the court with stenographic notes capable of being transcribed by another official court reporter using the same software system resulting in a complete record[,] this Court does not find Ms. Humphrey to be credible.

17. The undersigned finds Ms. Humphrey failed to file the record because she had neither a complete stenographic record, nor a complete audio recording of the proceedings in the trial court; or she willfully refused and continues to refuse to fully and accurately transcribe her notes.

18. This Court does not believe a complete record will ever be filed by Ms. Humphrey or another court reporter.

Judge Ross then made the following conclusions of law:

1. Sondra Humphrey violated her oath to keep a correct, impartial record of (1) the evidence offered in the case; (2) the objections and exceptions made by the parties to the case; and (3) the rulings and remarks made by the court in determining the admissibility of testimony presented in the case. . . .

2. The appellant is entitled to a new trial.

Pursuant to Texas Rule of Appellate Procedure 34.6(f), if, through no fault of the appellant, a reporter's record is lost or destroyed, and the portion of the record that is lost or destroyed is necessary to the appeal's resolution and cannot be replaced by agreement of the parties, the appellant is entitled to a new trial. TEX. R. APP. P. 34.6(f); *see Mendoza v. State*, 439 S.W.3d 564, 566 (Tex. App.— Amarillo 2014, no pet.). If, however, the missing portion of a reporter's record is

4

not necessary to the appeal's resolution—and the appellant is therefore not harmed by the incomplete reporter's record—the appellant is not entitled to a new trial. *See* TEX. R. APP. P. 34.6(f)(3); *Nava v. State*, 415 S.W.3d 289, 306 (Tex. Crim. App. 2013); *Routier v. State*, 112 S.W.3d 554, 571–72 (Tex. Crim. App. 2003); *Issac v. State*, 989 S.W.2d 754, 757 (Tex. Crim. App. 1999).

We agree with the trial court's conclusion that appellant is entitled to a new trial. Although Judge Ross provided Humphrey with numerous opportunities to provide a complete record and, when Humphrey proved unable to do so, appointed a substitute court reporter to transcribe the record from Humphrey's stenographic notes and audio recordings, no record has been prepared or certified, and the substitute reporter testified that she was unable to prepare, certify, and file a reporter's record from Humphrey's notes and audio recordings. *See Johnson v. State*, 151 S.W.3d 193, 196 (Tex. Crim. App. 2004) (stating that court has authority to appoint substitute court reporter to prepare and certify record from original reporter's notes). The record therefore supports the trial court's findings that Humphrey's stenographic notes and audio recording were incomplete and that the missing portion of the record—the entire reporter's record—is irretrievably lost or destroyed. *See* TEX. R. APP. P. 34.6(f)(2); *Mendoza*, 439 S.W.3d at 565–66; *see also Johnson*, 151 S.W.3d at 196 (holding that court reporter's notes and records, or portions thereof, can only be considered lost if missing portions of record are

5

irretrievable and may not be considered lost based solely on reporter's repeated failure to file record).

The record further supports the trial court's finding that the missing reporter's record is necessary to appellant's appeal. *See* TEX. R. APP. P. 34.6(f)(3). There is no reporter's record from any portion of the trial in this case. And, in the absence of a reporter's record, we must presume the regularity of the documents in the trial court and are bound by the recitations in the records of the trial court, including the judgment. *See Breazeale v. State*, 683 S.W.2d 446, 450 (Tex. Crim. App. 1984). Therefore, without any reporter's record, and "[g]iven the circumstances of this case, it would strain credulity to conclude that the destroyed reporter's record was unnecessary to the resolution of the appeal." *Villagomez Invs., L.L.C. v. Magee*, 294 S.W.3d 687, 690 (Tex. App.—Houston [1st Dist.] 2009, no pet.); *see also* TEX. R. APP. P. 34.6(c)(5) (requiring that record include all evidence admitted at trial for criminal appellant to raise argument as to sufficiency of evidence); *id.* 38.1(g), (i) (requiring appellant's brief to contain statement of facts "supported by record references" and argument "with appropriate citations . . . to the record"); *Bryant v. State*, No. 14-13-00922-CR, 2015 WL 1622163, at *3 (Tex. App.—Houston [14th Dist.] Apr. 7, 2015, no pet. h.) ("Appellant's ability to present meaningful issues on appeal after a jury trial is severely limited in the absence of a reporter's record."); *cf. Issac*, 989 S.W.2d at

757 (declining to adopt automatic rule of reversal in cases with lost or destroyed reporter's record, but recognizing that "the lack of a record may in some cases deprive an appellate court of the ability to determine whether the absent portions are necessary to the appeal's resolution").

Finally, the court reporter represented to this Court, in her December 6, 2013 motion for extension of time to file the reporter's record, that appellant requested that the reporter's record be prepared, *see* TEX. R. APP. P. 34.6(f)(1), and the record supports the trial court's findings that appellant "bears no fault" for the reporter's inability to produce the reporter's record, *see id.* 34.6(f)(2), and that the reporter's record cannot be replaced by agreement of the parties, *see id.* 34.6(f)(4).

Accordingly, we reinstate this appeal, reverse the trial court's judgment, and remand the cause for a new trial. *See Castillo v. State*, No. 01-13-00632-CR, 2015 WL 1778776 (Tex. App.—Houston [1st Dist.] April 16, 2015, no pet.); TEX. R. APP. P. 34.6(f), 43.2(d); *Mendoza*, 439 S.W.3d at 566. Any pending motions are dismissed as moot.

**PER CURIAM**

Panel consists of Justices Keyes, Huddle, and Lloyd.

Do not publish. TEX. R. APP. P. 47.2(b).

7