**Opinion issued July 2, 2015**



**In The**

# Court of Appeals

**For The**

# First District of Texas

_____

**NO. 01-13-00633-CR**

_____

**RUDY MATAMOROS, JR., Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

---

**On Appeal from the County Criminal Court at Law No. 8**
**Harris County, Texas**
**Trial Court Case No. 1863073**

---

## MEMORANDUM OPINION

On June 25, 2013, appellant, Rudy Matamoros, Jr., was convicted by a jury of the Class A misdemeanor offense of assault—bodily injury, and was sentenced by the court to 180 days' confinement in the county jail. *See* TEX. PENAL CODE ANN. §§ 22.01(a)(1), (b) (West Supp. 2014). Matamoros timely appealed from the

trial court's judgment of conviction on July 1, 2013. The trial court clerk filed the clerk's record on October 17, 2013.

## BACKGROUND

The reporter's record from the trial was due on October 23, 2013. On October 31, 2013, this Court ordered the court reporter, Sondra Humphrey, to file the late reporter's record within thirty days of the date of that order. Humphrey responded on November 19, 2013, by filing a motion for an extension of time. On November 26, 2013, we granted the motion and ordered Humphrey to file the reporter's record by January 15, 2014. On January 16, 2014, Humphrey filed a second motion for extension, which the Clerk of this Court granted, and we required Humphrey to file the reporter's record by February 14, 2014. On February 25, 2014, Humphrey filed a third motion for extension, which we granted, but we notified Humphrey that the Court would not grant any further extensions and required her to file the reporter's record by March 17, 2014, or else this Court might her to appear and show cause to explain why the record had not been filed.

On April 15, 2014, we abated the appeal and remanded the case to the trial court for a determination regarding why the reporter's record had not yet been filed and for the trial court to set a date certain when the reporter's record would be filed. The Honorable Sherman A. Ross, the former Presiding Judge of the Harris

County Criminal Courts at Law, was assigned to hear the proceedings regarding the past due reporter's records taken by Humphrey in this case and eight other cases pending in both this Court and the Court of Appeals for the Fourteenth District of Texas. *See* TEX. GOV'T CODE ANN. § 74.056 (West Supp. 2014). Judge Ross issued many orders and conducted numerous hearings in an effort to obtain the reporter's records in these cases. *See* TEX. R. APP. P. 35.3(c).

Although Judge Ross afforded Humphrey multiple opportunities to file the record, it became apparent that she was unable to provide a complete record in this case. Judge Ross therefore appointed a substitute court reporter, Brenna DeMoss, the official court reporter for County Criminal Court at Law No. 11 in Harris County, to evaluate whether a complete reporter's record could be prepared, certified, and filed in this case. Further, after finding that Humphrey violated several of the court's orders, Judge Ross held her in contempt and, on August 15, 2014, sentenced her to confinement in the Harris County Jail for thirty days and a $500 fine.

Finally, on March 3, 2015, the trial court signed findings of fact and conclusions of law in this case, which were filed with this Court in a supplemental clerk's record on March 11, 2015. Judge Ross found that "Ms. Humphrey had been paid in full for the completed *Matamoros* and *Castillo* records."

The following factual findings, in pertinent part, were included in the trial court's "Supplemental Findings of Fact":

4. Ms. Humphrey provided this court with her computerized stenographic notes.

5. Ms. Humphrey provided this court with an informal audio recording of the proceedings.

6. At the request of the parties, the undersigned judge directed Brenna DeMoss, official court reporter for County Criminal Court at Law No. 11, of Harris County, Texas, to review the audio files, and stenographic notes submitted to the Court by Ms. Humphrey.

7. Ms. DeMoss could not reconstruct a complete reporter's record based upon the audio and stenographic notes submitted to the Court by Ms. Humphrey.

8. Ms. Humphrey's medical condition, personal, and professional problems during the latter part of 2013, and early 2014, . . . indicate she may not have been in a condition to transcribe the proceedings, or otherwise conduct herself in a professional manner. . . .

9. Sentence was imposed on June 25, 2013.

10. The appellant timely filed a notice of appeal.

11. This case did not involve a waiver of a court reporter, nor was it a mere formality or summary proceeding.

12. The appellant bears no fault for Ms. Humphrey's failure to complete and file the reporter's record.

13. The reporter's record is necessary to the appeal's resolution.

14. The reporter's record cannot be replaced by agreement of the parties to the facts contained in the record, if a complete and legible record exists.

. . .

16. Based upon Ms. Humphrey's representations to this court regarding the status of the reporter's record, and her failure to either file the completed record or provide the court with stenographic notes capable of being transcribed by another official court reporter using the same software system resulting in a complete record[,] this Court does not find Ms. Humphrey to be credible.

4

17. The undersigned finds Ms. Humphrey failed to file the record because she had neither a complete stenographic record, nor a complete audio recording of the proceedings in the trial court; or she willfully refused and continues to refuse to fully and accurately transcribe her notes.

18. This Court does not believe a complete record will ever be filed by Ms. Humphrey or another court reporter.

. . .

Judge Ross then made the following conclusions of law:

1. Sondra Humphrey violated her oath to keep a correct, impartial record of (1) the evidence offered in the case; (2) the objections and exceptions made by the parties to the case; and (3) the rulings and remarks made by the court in determining the admissibility of testimony presented in the case. . . .

2. The appellant is entitled to a new trial. . . .

## ANALYSIS

Pursuant to Texas Rule of Appellate Procedure 34.6(f), if, through no fault of the appellant, a reporter's record is lost or destroyed, and the portion of the record that is lost or destroyed is necessary to the appeal's resolution and cannot be replaced by agreement of the parties, the appellant is entitled to a new trial. TEX. R. APP. P. 34.6(f); *see Mendoza v. State*, 439 S.W.3d 564, 566 (Tex. App.—Amarillo 2014, no pet.); *see also Castillo v. State*, No. 01-13-00632-CR, 2015 WL 1778776, at *2 (Tex. App.—Houston [1st Dist.] Apr. 16, 2015, no pet. h.) (reversing and remanding for new trial in similar case involving Humphrey). If, however, the missing portion of a reporter's record is not necessary to the appeal's resolution—and the appellant is therefore not harmed by the incomplete reporter's

5

record—the appellant is not entitled to a new trial. *See* TEX. R. APP. P. 34.6(f)(3); *Nava v. State*, 415 S.W.3d 289, 306 (Tex. Crim. App. 2013); *Routier v. State*, 112 S.W.3d 554, 571–72 (Tex. Crim. App. 2003); *Issac v. State*, 989 S.W.2d 754, 757 (Tex. Crim. App. 1999).

We agree with the trial court's conclusion that Matamoros is entitled to a new trial. Although Judge Ross provided Humphrey with numerous opportunities to provide a complete record and, when Humphrey proved unable to do so, appointed a substitute court reporter to transcribe the record from Humphrey's stenographic notes and audio recordings, no record has been prepared or certified, and the substitute reporter testified that she was unable to prepare, certify, and file a reporter's record from Humphrey's notes and audio recordings. *See Johnson v. State*, 151 S.W.3d 193, 196 (Tex. Crim. App. 2004) (stating that court has authority to appoint substitute court reporter to prepare and certify record from original reporter's notes). The record therefore supports the trial court's findings that Humphrey's stenographic notes and audio recording are incomplete and that the missing portion of the record—the entire reporter's record—is irretrievably lost or destroyed. *See* TEX. R. APP. P. 34.6(f)(2); *Mendoza*, 439 S.W.3d at 565–66; *see also Johnson*, 151 S.W.3d at 196 (holding that court reporter's notes and records, or portions thereof, can only be considered lost if missing portions of record are

irretrievable and may not be considered lost based solely on reporter's repeated failure to file record); *Castillo*, 2015 WL 1778776, at *2.

The record further supports the trial court's finding that the missing reporter's record is necessary to appellant's appeal. *See* TEX. R. APP. P. 34.6(f)(3). There is no reporter's record from any portion of the trial in this case. And, in the absence of a reporter's record, we must presume the regularity of the documents in the trial court and are bound by the recitations in the records of that court, including the judgment. *See Breazeale v. State*, 683 S.W.2d 446, 450 (Tex. Crim. App. 1984); *see also Castillo*, 2015 WL 1778776, at *3. Therefore, without any reporter's record, and "[g]iven the circumstances of this case, it would strain credulity to conclude that the destroyed reporter's record was unnecessary to the resolution of the appeal." *Villagomez Invs., L.L.C. v. Magee*, 294 S.W.3d 687, 690 (Tex. App.—Houston [1st Dist.] 2009, no pet.); *see also* TEX. R. APP. P. 34.6(c)(5) (requiring that record include all evidence admitted at trial for criminal appellant to raise argument as to sufficiency of evidence); *id.* at 38.1(g), (i) (requiring appellant's brief to contain statement of facts "supported by record references" and argument "with appropriate citations . . . to the record"); *Castillo*, 2015 WL 1778776, at *3; *Bryant v. State*, No. 14-13-00922-CR, 2015 WL 1622163, at *3 (Tex. App.—Houston [14th Dist.] Apr. 7, 2015, no pet.) ("Appellant's ability to present meaningful issues on appeal after a jury trial is severely limited in the

absence of a reporter's record."); *cf. Issac*, 989 S.W.2d at 757 (declining to adopt automatic rule of reversal in cases with lost or destroyed reporter's record, but recognizing that "the lack of a record may in some cases deprive an appellate court of the ability to determine whether the absent portions are necessary to the appeal's resolution").

Finally, Humphrey represented to this Court, in her November 19, 2013 extension request, that Matamoros had requested that the reporter's record be prepared, *see* TEX. R. APP. P. 34.6(f)(1), and the record supports the trial court's findings that Matamoros "bears no fault" for the reporter's inability to produce the reporter's record, *see id.* at 34.6(f)(2), and that the reporter's record cannot be replaced by agreement of the parties, *see id.* at 34.6(f)(4).

## CONCLUSION

Accordingly, we reinstate this appeal, reverse the trial court's judgment, and remand the cause for a new trial. *See* TEX. R. APP. P. 34.6(f), 43.2(d); *Mendoza*, 439 S.W.3d at 566; *see also Castillo*, 2015 WL 1778776, at *3. We dismiss all pending motions as moot.

## PER CURIAM

Panel consists of Justices Keyes, Huddle, and Lloyd.

Do not publish. TEX. R. APP. P. 47.2(b).