**David JOHNSON Sr., Appellant,**

v.

**The STATE of Texas, Appellee.**

**NUMBER 13-16-00023-CR**

Court of Appeals of Texas,
Corpus Christi-Edinburg.

Delivered and filed April 6, 2017.

Rehearing Overruled July 5, 2017

Bobby Dale Barina, Attorney at Law, 455 E. Central Texas, Expwy., Suite 104, Harker Heights, Texas 76548, for Appellant.

Dustin H. Boyd, Coryell County District Attorney, P.O. Box 919, Gatesville, Texas 76528, for Appellee.

Before Justices Contreras, Benavides, and Longoria

## MEMORANDUM OPINION

Memorandum Opinion by Justice Contreras

Appellant David Johnson Sr. has appealed his conviction for sexual assault following the revocation of his community supervision. *See* TEX. PENAL CODE ANN. § 22.011 (West, Westlaw through 2015 R.S.).[1] We conclude that appellant is entitled to a new trial because a significant portion of the court reporter's record has been lost or destroyed, without any fault by appellant, and that portion of the record is necessary to the appeal's resolution. *See* TEX. R. APP. P. 34.6(f). Accordingly, we reverse and remand for a new trial.

### I. LOST OR DESTROYED RECORD

■ An appellant is entitled to a new trial if, through no fault of the appellant, a

---

1. This appeal was transferred to this Court from the Tenth Court of Appeals by order of the Texas Supreme Court. *See* TEX. GOV'T CODE ANN. § 22.220(a) (West, Westlaw through 2015 R.S.) (delineating the jurisdiction of appellate courts); TEX. GOV'T CODE ANN. § 73.001 (West, Westlaw through 2015 R.S.) (granting the supreme court the authority to transfer cases from one court of appeals to another at any time that there is "good cause" for the transfer).

reporter's record is lost or destroyed, and the portion lost or destroyed is necessary to the resolution of the appeal and cannot be replaced by agreement of the parties. TEX. R. APP. P. 34.6(f); *see Nava v. State*, 415 S.W.3d 289, 305 (Tex. Crim. App. 2013); *Castillo v. State*, 510 S.W.3d 32, 33–34 (Tex. App.—Houston [1st Dist.] 2015, no pet.); *Mendoza v. State*, 439 S.W.3d 564, 566 (Tex. App.—Amarillo 2014, no pet.). If the missing portion of the reporter's record is not necessary to the resolution of the appeal, the appellant is not entitled to a new trial. *See* TEX. R. APP. P. 34.6(f); *Nava*, 415 S.W.3d at 306; *Routier v. State*, 112 S.W.3d 554, 571–72 (Tex. Crim. App. 2003). The provision in Rule 34.6 requiring an appellant to show that the missing portion of the record is necessary to the appeal is essentially a requirement that the appellate court perform a harm analysis. *Nava*, 415 S.W.3d at 306; *Bryant v. State*, 464 S.W.3d 99, 101 (Tex. App.—Houston [14th Dist.] 2015, no pet.). We review a trial court's findings of fact for an abuse of discretion, while we review de novo its conclusions of law. *See, e.g., State v. Kelly*, 204 S.W.3d 808, 818 (Tex. Crim. App. 2006); *Coulter v. State*, 510 S.W.3d 210, 214–15 (Tex. App.—Houston [1st Dist.] 2016, no. pet. h.).

## II. ANALYSIS

This Court has abated this appeal on two different occasions. We first abated the appeal because the reporter's record had not been timely filed, and we remanded it to the trial court to determine: (1) whether appellant had abandoned his appeal; (2) if appellant's attorney of record continued to represent appellant and would diligently pursue this appeal; and (3) if the reporter's record, or any part thereof, had been lost or destroyed. The trial court made findings and conclusions regarding some of these issues. According to the trial court's findings, appellant had not abandoned his appeal and appellant's attorney would continue to represent appellant and diligently pursue this appeal. However, despite strenuous efforts to ascertain the status of the record, the trial court was unable to determine the status of the record and requested additional time to make further findings regarding the record. The trial court also requested clarification regarding the status of this abatement.

We continued the abatement of this appeal and directed the trial court to determine what steps were necessary to ensure the prompt preparation of a reporter's record, or whether the reporter's record had been lost or destroyed and appellant was entitled to a new trial. We directed the trial court to conduct a hearing to determine: (1) if the appellant had timely requested a reporter's record; (2) if, without the appellant's fault, a significant exhibit or a significant portion of the court reporter's notes and records had been lost or destroyed or—if the proceedings were electronically recorded—a significant portion of the recording had been lost or destroyed or is inaudible; (3) if the lost, destroyed, or inaudible portion of the reporter's record, or the lost and destroyed exhibit, was necessary to the appeal's resolution; and (4) if the lost, destroyed, or inaudible portion of the reporter's record could not be replaced by agreement of the parties, or the lost or destroyed exhibit could not be replaced either by agreement of the parties or with a copy determined by the trial court to accurately duplicate with reasonable certainty the original exhibit. *See* TEX. R. APP. P. 34.6(f).

On remand, the trial court found that a significant portion of the record had been lost or destroyed through no fault of the appellant, the parties could not agree on a replacement, and that the missing portion of the record was necessary to the appeal.

Appellant's counsel prepared supplemental findings of fact and conclusions of law at the trial court's direction. The trial court entered the findings and conclusions as proposed by appellant. The trial court's second supplemental findings of fact and conclusions of law provide as follows:

FINDINGS OF FACT

APPELLANT

1. The Appellant is David Johnson Sr.

2. The Appellant has not abandoned his appeal.

3. Bobby Dale Barina was court appointed to represent the Appellant on Appeal.

4. Bobby Dale Barina filed and participated in a Motion for New Trial and partial relief was granted.

5. The Appellant's attorney continues to represent the appellant.

6. The Appellant's attorney shall continue to diligently pursue this appeal.

7. The Appellant is and has been indigent throughout this appeal.

8. The Appellant's attorney timely requested the clerk's record.

9. The Appellant is not at fault for the loss of all the exhibits and of a significant portion of the reporter's record.

10. The Appellant plead[ed] not true to allegations in the State's Motion to Adjudicate.

11. The Appellant cannot agree to replace any portion of the lost and destroyed record.

12. The Appellant cannot agree to replace any portion of the lost and destroyed exhibits.

13. The Appellant has demonstrated that the missing portion of the reporter's record are required in order to resolve this appeal.

14. The record taken by Ms. Short is necessary to the resolution of the appeal.

15. The Appellant has demonstrated that the lost and destroyed record taken by Breana Short hampers his ability to present meaningful issues on appeal and therefore deny him due process.

COURT REPORTERS

16. Two different court reporters took the record in this cause.

17. The cause under appeal is a contested motion to adjudicate.

18. The Motion to Adjudicate took place over a two-day period.

19. The first day was on January 27, 2015.

20. The second day was on January 28, 2015.

21. The court had a different court reporter for each day.

22. The first was Jeannye Skinner.

23. The second court reporter was Breanna Short.

24. Breanna Short was assigned to act as the court's court reporter during the absence of the court's official court reporter, Jeannye Skinner.

25. Jeannye Skinner has requested and received two extensions from the court of appeals to file the record.

26. The reason for the extension was to obtain Breana Short's portion of the record and the exhibits that were admitted into evidence during the contested hearing.

27. Breana Short has failed to timely file her portion of the reporter's record.

28. Breana Short did not leave any notes or recordings of the proceedings.

29. Breana Short took possession of the exhibits that were entered into evidence during the contested hearing on the state's motion to adjudicate.

30. Breana Short['s] portion of the [hearing] on January 28, 2015, was the Mike Loven [testimony].

31. Mike Loven was a supervision officer for the Coryell County Supervision Office.

32. Another court reporter could not recreate the record.

33. Jeannye Skinner's portion of the reporter's record has been completed.

34. The clerk of the 13th Court of Appeals has attempted to reach Breana Short by telephone on several occasions.

35. On April 7, 2016, the 13th Court of Appeals notified Ms. Short that the record was due to be filed by April 1, 2016.

36. This court has attempted to contact Breana Short by first class mail, e-mail, and a show cause.

37. The Appellant's attorney has attempted to contact Breana Short through social media to request her assistance in obtaining the record.

38. Breana Short has not responded to any notice.

39. Breana Short's portion of the record is necessary to the resolution of this appeal.

40. Breana Short['s] portion of the record is irretrievable, and therefore, lost and destroyed.

41. Breana Short has an established record of failing in her responsibility as a court reporter.

42. The trial court ... has exhausted all efforts to have Ms. Short appear initially for a show cause in which she received communication from the court staff.

43. The Court attempted to have Ms. Short contact the court staff regarding the status of the record [for] which she was responsible.

44. The court issued a Writ of Attachment and there was communication from the Harris County law enforcement to the District Clerk's office in Harris County's referencing the difficulty serving Ms. Short.

45. The Court does find that based on the representation of Appellant's counsel, Mr. Bobby Barina, indicating and reading into the record that Ms. Short is suspended, is not licensed, the Court further finds that even if the Court could find Ms. Short, have her appear and order her to transcribe the record, she is not licensed to do so at this time because of her suspension.

46. The Court finds that a New Trial is warranted in this case[.]

CONCLUSION[S] OF LAW

1. Any finding of fact that is a conclusion of law shall be deemed a conclusion of law.

2. The Appellant has not abandoned his appeal.

3. The Appellant's attorney continues to represent the appellant.

4. The Appellant timely requested the reporter's record.

5. Appellant is not at fault for the missing record.

6. The record is lost or destroyed.

7. The record cannot be replaced by agreement.

8. The missing record is necessary to resolve the appeal.

9. The Appellant is entitled to a new trial.

The State filed objections to appellant's proposed findings and conclusions; however, such objections were filed after the trial court signed the proposed findings and conclusions. The State contended that there was no evidence that the record had been lost or destroyed and that it was premature to conclude otherwise because it was still "possible" to have Ms. Short appear if she were to be personally served with process or taken into custody. The State also argued that there was no evidence that the missing portion of the testimony and exhibits constituted a significant portion of the record insofar as at least one exhibit was preserved and the missing portions of the record encompassed only one witness's testimony.

We reinstate this appeal and address the issue of appellant's entitlement to a new trial based on a lost or destroyed reporter's record. Here, the trial court determined that appellant is entitled to a new trial and made all of the predicate findings required by the appellate rules. Specifically, the trial court found that the appellant timely requested a reporter's record; a significant portion of the court reporter's notes and records has been lost or destroyed without any fault on appellant's part; the lost or destroyed portion of the reporter's record and exhibits are necessary to the appeal's resolution; and the lost, or destroyed portion of the reporter's record and exhibits cannot be replaced by agreement of the parties. *See* TEX. R. APP. P. 34.6(f).

■ Reviewing the trial court's findings for abuse of discretion and its conclusions of law de novo, we agree with the trial court's evaluation of this matter. *See Kelly*, 204 S.W.3d at 818; *Coulter*, 510 S.W.3d at 214–15. The record supports the conclusion that the portions of the reporter's record prepared by Ms. Short have been lost or destroyed insofar as she cannot be found

and she is not currently licensed as a reporter. *See Johnson v. State*, 151 S.W.3d 193, 196 (Tex. Crim. App. 2004) (holding that a court reporter's notes and records can be considered "lost" only if the missing portions of the appellate record are irretrievable). In this regard, it is clear that the trial court has undertaken repeated and thorough efforts to resolve this matter and produce the missing records. *See id.* (stating that a court should exercise its contempt power to compel an errant court reporter to prepare and file the record); *see also Routier*, 112 S.W.3d at 567 (approving the trial court's use of another court reporter to correct and edit an inaccurate reporter's record).

■ The record further supports the trial court's finding that the missing portions of the reporter's record and exhibits are necessary to the resolution of this appeal. *See* TEX. R. APP. P. 34.6(f)(3); *see also Nava*, 415 S.W.3d at 306–07 (stating that we assess a trial court's recollection regarding whether a missing record is necessary to the resolution of an appeal "from the appellant's standpoint and resolve any reasonable doubt in his favor"). There is no reporter's record regarding one witness's testimony and it appears that the trial exhibits, with one exception, are all missing. Further, in a criminal case, if appellant complains that the evidence is insufficient to support a finding of guilt, the record must include all the evidence admitted at the trial on the issue of guilt or innocence and punishment. *See* TEX. R. APP. P. 34.6(c)(5). Without a complete reporter's record of the evidence before the jury, the appellant cannot demonstrate the evidence is insufficient and this method of showing error is unavailable. *Bryant v. State*, 464 S.W.3d 99, 103 (Tex. App.— Houston [14th Dist.] 2015, no pet.); *Martin v. State*, 13 S.W.3d 133, 140 (Tex. App.– Dallas 2000, no pet.). Thus, appellant's

ability to present meaningful issues on appeal is severely limited in the absence of a complete reporter's record. Accordingly, the trial court did not abuse its discretion in concluding that appellant suffered harm by the missing record.

### III. Conclusion

We reverse the trial court's judgment and we remand the case for a new trial. *See* TEX. R. APP. P. 34.6(f), 43.2(d). Any pending motions are dismissed as moot.