IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. PD-894-03, 895-03, 896-03






KEITHEN ONEAL JOHNSON, Appellant



v.



THE STATE OF TEXAS





ON STATE'S PETITION FOR DISCRETIONARY REVIEW


FROM THE FIFTH COURT OF APPEALS


DALLAS COUNTY





 KELLER, P.J., delivered the opinion of the unanimous Court.


O P I N I O N 



 When a court reporter fails or refuses to comply with the deadlines for filing the reporter's
record, does an appellate court properly conclude that the appellate record is "lost or destroyed" for
the purpose of Texas Rule of Appellate Procedure 34.6(f)? The answer is "no." Consequently, we
will reverse the judgment of the Court of Appeals.

I. BACKGROUND 


 Appellant was convicted of various offenses and placed on probation. His probations were
later revoked, and he appealed. Although appellant timely requested the preparation of the record,
the court reporter failed to prepare and file the record in a timely fashion. The record was originally
due on December 18, 2001. Three months later, on February 22, 2002, the Court of Appeals abated
the appeals and ordered the trial court to make findings on whether appellant desired to prosecute
an appeal and whether he had been deprived of the reporter's record because of ineffective assistance
of counsel, indigence, or any other reason. The trial court made the following findings: (1) appellant
desires to prosecute the appeals, (2) appellant is indigent and entitled to proceed without payment
of the appellate record, (3) appellant requested preparation of the record, (4) a number of court
reporters recorded the proceedings, (5) Mary Belton will take responsibility for seeing that a
complete record is filed, and (6) Belton will make every attempt to file the record by April 15, 2002. 
On March 26, 2002, the Court of Appeals adopted these findings and reinstated the appeals.

 Claiming that she was attempting to locate the notes for certain hearings, Belton later
requested that the time to file the record be extended to May 13, 2002. The Court of Appeals granted
this request, but the record was not filed by the new deadline. On July 29, 2002, the Court of
Appeals again abated the appeal and remanded the case to the trial court for findings. The trial court
made the following findings: (1) appellant desires to prosecute the appeals, (2) appellant is indigent
and entitled to proceed without payment of the record, (3) appellant requested preparation of the
record on October 31, 2001, (4) Belton is the court reporter who recorded all of the proceedings
except a 1995 suppression hearing, (5) Belton's notes are available and can be transcribed, (6) Belton
has located the notes for the suppression hearing and believes she can transcribe them, (7) Belton's
explanation for her delay in filing the record is the volume of her caseload, and (8) the record can
be filed by August 26, 2002. On August 23, 2002, the Court of Appeals adopted the trial court's
findings and reinstated the appeals. The Court of Appeals ordered Belton to file the record in fifteen
days and warned that no extensions of time would be granted. The record was not filed by this
deadline.

 On September 26, 2002, the Court of Appeals ordered Belton to file the record by October
7, 2002. The court further ordered Belton not to sit as a court reporter until the record was filed. The
court warned that, if the record were not filed by the new deadline, the court might employ the
remedies available under the rules of appellate procedure. On October 15, 2002, the Court of
Appeals noted that the record still had not been filed, concluded that the record was "not available
due to no fault of appellant," and ordered the parties to file a letter stating whether they could agree
on a complete record.

 On May 1, 2003, the Court of Appeals handed down an opinion reversing the probation
revocations and remanding the cases for a new hearing. (1) The court concluded that its disposition was
required by Rule 34.6(f), which permits a new trial in some situations when the reporter's record is
lost or destroyed. (2) On May 22, 2003, the State filed a motion for rehearing and a motion for
extension of time to file the motion for rehearing. (3) The motion for rehearing asserted that the
reporter's record had finally been filed. A letter in the appellate file from the clerk of the Court of
Appeals indicates that the reporter's record was filed on May 21, 2003. On May 30, 2003, the Court
of Appeals denied the State's motion for extension of time to file a motion for rehearing on the
ground that the reporter's record was not available before the fifteen day period for filing a motion
for rehearing had expired. The State filed its petition, and we granted review.

II. ANALYSIS


 We have previously confronted situations in which a court reporter has failed (repeatedly)
to timely prepare and file the record. In Routier v. State, a death penalty appeal, we used our
contempt power to compel the court reporter into preparing and filing the record after she had
repeatedly failed to do so on time. (4) The defendant then raised questions about the accuracy of that
record, and we remanded the case to the trial court to investigate the matter. (5) After a hearing, the
trial court ordered the court reporter to cease any proceedings regarding the record. (6) The trial court
later appointed a different court reporter to review the original court reporter's notes and transcribe
and certify a record, if possible. (7) The new court reporter eventually filed a revised record, and we
determined that the record was sufficient to continue with the appeal. (8)

 In Payne v. State, we were also presented with a court reporter who repeatedly failed to
prepare and file the record. (9) In that case, we held the court reporter in contempt and ordered him
incarcerated in the Harris County Jail until the record was completed. (10) The court reporter was later
released upon a representation that the record was finished, (11) but the trial court found that the record
was incomplete because the testimony of at least three witnesses had been "irretrievably lost." (12) In
connection with this conclusion, the trial court found that the court reporter "had done all he could
do to perfect the transcription." (13) In light of the trial court's findings, we reversed the defendant's
conviction and remanded the case for a new trial. (14)

 Rule 34.6(f) entitles an appellant to a new trial under certain conditions, one of which is that
"without appellant's fault, a significant exhibit or a significant portion of the court reporter's notes
and records has been lost or destroyed." (15) As can be seen from Routier and Payne, the court
reporter's repeated failure to file the record does not, by itself, provide a sufficient basis for
concluding that the court reporter's notes and records have been "lost or destroyed," so as to justify
granting a new trial. An appellate court can and should exercise its contempt power to compel an
errant court reporter to prepare and file the record. (16) The Rules of Appellate Procedure also give
appellate courts the power to take other actions designed to ensure the preparation and filing of the
record, (17) including the appointment of a substitute court reporter to prepare and file the record from
the original court reporter's notes. (18) A court reporter's notes and records, or portions thereof, can
be considered "lost" only if the missing portions of the appellate record are irretrievable. 

 Even without considering the State's motion for rehearing, we conclude that the Court of
Appeals erred in the present case. The Court of Appeals had no evidence that the court reporter's
notes and records were actually "lost or destroyed." It therefore erred in ordering a new revocation
hearing. 

 The judgment of the Court of Appeals is reversed, and the case is remanded for further
proceedings consistent with this opinion.


Date delivered: December 8, 2004

Publish

 
1. Johnson v. State, No. 05-01-01760-CR, et. seq., slip op. (Tex. App.-Dallas, May 1,
2003)(not designated for publication).
2. Id. at 2, 3-4.
3. See TEX. R. APP. P. 49.1 (motion for rehearing due within 15 days after appellate
court judgment), 49.8 (appellate court may extend time for filing motion for rehearing if motion
for extension of time is filed within 15 days after due date of motion for rehearing).
4. 112 S.W.3d 554, 557 (Tex. Crim. App. 2003).
5. Id. at 557-558.
6. Id. at 559.
7. Id.
8. Id. at 559-567.
9. 802 S.W.2d 686 (Tex. Crim. App. 1990).
10. Id. at 687.
11. Id.
12. Id.
13. Id. at 687-688.
14. Id. at 688.
15. Rule 34.6(f)(2).
16. See Routier and Payne, supra; TEX. GOV'T CODE §21.002.
17. TEX. R. APP. P. 35.3(c), 37.3(a)(2).
18. Routier, supra.