Tracy Lewellen REAMY, Appellant,

v.

The STATE of Texas, Appellee.

No. 10–10–00047–CR.

Court of Appeals of Texas, Waco.

Nov. 10, 2010.

Damara H. Watkins, Corsicana, for Appellant.

R. Lowell Thompson, Navarro County Dist. Atty., Corsicana, for Appellee.

Before Chief Justice GRAY, Justice REYNA, and Justice DAVIS.

## ORDER ABATEMENT

PER CURIAM.

The reporter's record in this appeal was originally due on March 22, 2010. We previously abated this appeal and two others for the trial court to determine why the records had not been filed and to establish deadlines for the court reporter to file the records in each case. The trial court did so, but after the reporter failed to file the first record by the newly-established deadline, she appeared before this Court for a hearing to determine the status of that record. The reporter testified before this Court that the reporter's record in this appeal could be filed within a few weeks after the hearing. However, three months have since passed, and the reporter's record still has not been filed. We will abate this appeal to the trial court for a hearing to determine whether the court reporter is capable of filing the reporter's record in this appeal or whether a substitute court reporter should be appointed to prepare and file the record.

An appellate court can and should exercise its contempt power to compel an errant court reporter to prepare and file the record. The Rules of Appellate Procedure also give appellate courts the power to take other actions designed to ensure the preparation and filing of the record, including the appointment of a substitute court reporter to prepare and file the record from the original court reporter's notes.

*Johnson v. State*, 151 S.W.3d 193, 196 (Tex.Crim.App.2004) (footnotes omitted).

At the hearing before this Court, the court reporter, Nancy Currie, testified about personal matters that call into question her ability to prepare the record. Her conduct since that hearing further underscores our concern about her ability to do so. Therefore, the trial court should consider appointing a substitute court reporter to use Currie's notes and recordings and prepare and file the reporter's record. *See Routier v. State*, 112 S.W.3d 554, 563–70 (Tex.Crim.App.2003); *see also* TEX. GOV'T CODE ANN. § 52.042(a) (Vernon 2005); TEX.R.APP. P. 13.5; *Johnson*, 151 S.W.3d at 196.

Based on Currie's testimony before this Court, we lack confidence that she is willing or able to prepare the reporter's record in this appeal, even under threat of contempt. Therefore, we will abate this appeal to the trial court for a hearing to determine:

(1) whether Currie is capable of preparing the reporter's record in this appeal;

(2) whether another certified reporter should be appointed to prepare the record; and

(3) a reasonable time period within which the reporter's record can be prepared and filed with this Court.[1]

---

1. We are abating two appeals in which Currie has overdue records. The elected judge presided over Reamy's trial, but an assigned judge presided over the other trial. We direct

While this appeal is abated, two (or more) hearings may be required. The first should be held at the earliest opportunity to determine whether Currie is capable of preparing the record and whether another reporter should be appointed. If another reporter is appointed, a second hearing may be required before the substitute reporter can provide a good faith estimate of how long it will take to prepare the record.

To save time, the parties may stipulate to the issues to be resolved while this appeal is abated. In the event of a stipulation, no formal hearing in the trial court is necessary, but the parties' stipulation should be reflected in a written order of the trial court which is filed with the district clerk and included in a supplemental clerk's record. The Court requests the trial court (or a party at the trial court's direction) to advise the Clerk of this Court in writing on a semi-monthly basis regarding the status of this matter.

Therefore, this appeal is abated for sixty days. The trial court has discretion to schedule hearings during the abatement period as necessary. All hearings shall be attended by a certified court reporter who shall prepare a transcription of such hearings and file that transcription or those transcriptions as a supplemental reporter's record or records in this appeal.

The trial court shall prepare written findings of fact and conclusions of law with regard to the issues identified in this abatement order. The district clerk shall prepare a supplemental clerk's record containing such findings of fact and conclusions of law as well as any pleadings filed with regard to this matter and any orders signed by the trial court.

The district clerk and the court reporter shall file their supplemental records with the Clerk of this Court within ninety days after the date of this Order.

these judges to consult with each other and consider both cases in choosing filing deadlines. We leave it to the discretion of the judges to determine the order in which these records are to be filed, giving due consideration to: (1) the age of the cases; (2) the relative ease with which a particular record can be prepared; (3) the preferences of the parties; and (4) any other considerations the judges deem relevant.