IN THE

TENTH COURT OF APPEALS




 
 
 
 
 
 
 


 



No. 10-09-00295-CR

 

James Robert Vasquez,

                                                                                    Appellant

 v.

 

The State of Texas,

                                                                                    Appellee

 

 

 



From the 13th District
Court

Navarro County, Texas

Trial Court No. 32165-CR

 



ABATEMENT ORDER



 

The reporter’s record in this appeal was
originally due on November 16, 2009.  After our June 2, 2010 abatement order,
Nancy Currie, the court reporter, filed the reporter’s record on August 23,
2010.

            Appellant has filed a “motion
for new trial/alternatively/motion to require the court reporter to supplement
reporter’s record,” which complains of many alleged errors and omissions in the
reporter’s record.  We requested a response from the State to these motions,
but one has not been filed.  In his motions, Appellant states that he will be challenging
the sufficiency of the evidence and correctly notes that a complete and
accurate reporter’s record is required.  See Tex. R. App. P. 34.6(c)(5).

            We cannot grant Appellant a
new trial at this stage.  See Tex.
R. App. P. 34.6(f).  It is the trial court’s duty to settle disputes
about the reporter’s record’s alleged inaccuracies.  See Tex. R. App. P. 34.6(e)(2, 3).  We thus
will abate the appeal to the trial court a second time for a hearing, after
notice, to determine whether the reporter’s record contains inaccuracies within
the meaning of Rule 34.6(e) and, if any inaccuracies are found, to order Currie
(or a third-party court reporter) to conform the reporter’s record to what
occurred in the trial court, and to certify and file a corrected reporter’s
record in this court.

            We recognize that the trial
judge is likely not qualified to evaluate Currie’s notes and tape recordings
and to determine whether the reporter’s record contains inaccuracies.  And
based on other Navarro County cases involving Currie, the trial court may
consider appointing a third-party certified court reporter to review Currie’s
notes and tape recordings and to determine whether there are inaccuracies that
can be conformed to what occurred in the trial court.  See Routier v.
State, 112 S.W.3d 554, 563-70 (Tex. Crim. App. 2003); see also Tex. Gov’t Code Ann. § 52.042(a)
(Vernon 2005); Tex. R. App. P.
13.5; Johnson v. State, 151 S.W.3d 193, 196 (Tex. Crim. App. 2004).

Appellant’s motions are granted in part
and denied in part.  We abate this appeal to the trial court for a hearing:

(1)        to determine whether
inaccuracies exist in the reporter’s record, and if so, whether the parties can
agree to correct any of them without the court reporter’s recertification (Tex. R. App. P. 34.6(e)(1)); and

 

(2)        to settle the dispute if
inaccuracies exist in the reporter’s record and the parties cannot agree on
whether or how to correct any of them (Tex.
R. App. P. 34.6(e)(2)).

 

            While this appeal is abated,
two or more hearings may be required.  The first should be held at the earliest
opportunity to determine whether the parties can agree to correct any
inaccuracies and whether another certified reporter should be appointed to
review the reporter’s record and Currie’s notes and tape recordings to assist
the parties and the trial court in determining whether disputed inaccuracies
exist.  If another reporter is appointed, a subsequent hearing would be
necessary for consideration of the other reporter’s report on whether
inaccuracies exist and a determination by the trial court that settles any
disputes so that the reporter’s record is conformed to what occurred in the
trial court.

While the appeal is abated, the Court
requests the trial court (or a party at the trial court’s direction) to advise
the Clerk of this Court in writing on a semi-monthly basis regarding the status
of this matter.

            Therefore, this appeal is
abated for an initial period of sixty (60) days for the trial court to
determine the issues identified above.  The trial court has discretion to
schedule hearings during the abatement period as necessary.  All hearings shall
be attended by a certified court reporter, who shall prepare a transcription of
such hearings and file that transcription or those transcriptions as a
supplemental reporter’s record or records in this appeal.

            The trial court shall
prepare written findings of fact and conclusions of law with regard to the
issues identified in this abatement order.  The district clerk shall prepare a
supplemental clerk’s record containing such findings of fact and conclusions of
law as well as any pleadings, motions, responses, or objections filed with
regard to this matter and any orders signed by the trial court.

            The district clerk and the
court reporter shall file their supplemental records with the Clerk of this
Court within seventy-five (75) days after the date of this Order.  If the trial
court determines that additional time is required to resolve the issues
identified, the trial court (or a party at the trial court’s direction) shall
file a written request for additional time explaining the reason(s) and the
diligence that has been exercised in attempting to comply with the sixty-day
deadline established by this Order.

            

PER CURIAM

 

Before Chief
Justice Gray,

Justice
Reyna, and

Justice
Davis

Appeal abated

Order issued
and filed December 15, 2010

Do not publish