

# Fourth Court of Appeals
## San Antonio, Texas

March 21, 2014

No. 04-14-00131-CV

**IN THE INTEREST OF I.S.**,

From the 73rd Judicial District Court, Bexar County, Texas
Trial Court No. 2012-PA-02761
Honorable Charles E. Montemayor, Judge Presiding

## O R D E R

On January 30, 2014, the trial court signed an order terminating Appellant's rights to his child C.G. On February 7, 2014, Appellant filed a notice of accelerated appeal. *See* TEX. R. APP. P. 26.1(b). The reporter's record was due on February 18, 2014. *See id.* R. 35.1(b).

On March 5, 2014, after no reporter's record was filed, we notified court reporter David R. Zarate that the record was late, and ordered him to file a notification of late record not later than March 10, 2014, or to file the record by March 17, 2014. To date, this court has not received any response to our March 5, 2014 order.

The children's "need for permanence is the paramount consideration for [their] present and future physical and emotional needs." *See Dupree v. Tex. Dep't of Protective & Regulatory Servs.*, 907 S.W.2d 81, 87 (Tex. App.—Dallas 1995, no writ). This court must render its decision "with the least possible delay," and any further delays in obtaining the reporter's record will hinder this court in its duty. *See* TEX. R. APP. P. 35.3(c); *In re J.L.*, 163 S.W.3d 79, 82 (Tex. 2005) (quoting TEX. FAM. CODE ANN. § 263.405(a) (West Supp. 2012)).

We ORDER court reporter David R. Zarate to file the reporter's record in this court **not later than TEN DAYS from the date of this order.** *See* TEX. R. APP. P. 35.3(c) (limiting an extension in an accelerated appeal to ten days).

If the reporter's record is not filed as ordered, a show cause order shall issue directing David R. Zarate to appear on a day certain and show cause why he should not be held in contempt for failing to file the record. *See* TEX. R. APP. P. 35.3(c); *see also* TEX. GOV'T CODE ANN. § 21.002 (West 2004) (authorizing contemnor punishment up to "a fine of not more than $500 or confinement in the county jail for not more than six months, or both such a fine and confinement in jail"); *Johnson v. State*, 151 S.W.3d 193, 195–96 (Tex. Crim. App. 2004) (noting the court's previous action holding a court reporter in contempt for "repeatedly fail[ing] to prepare and file the record" and "order[ing] him incarcerated . . . until the record was finished").

The clerk of this court shall cause a copy of this order to be served on David R. Zarate by certified mail, return receipt requested, with delivery restricted to addressee only, or give other personal notice of this order with proof of delivery.

Because "[t]he trial and appellate courts are jointly responsible for ensuring that the appellate record is timely filed," TEX. R. APP. P. 35.3(c), the clerk of this court is directed to deliver a copy of this order to the Honorable Charles Montemayor, Associate Judge of the 150th Judicial District Court. *See also* TEX. R. APP. P. 28.4 (b) (providing that in appeals from orders terminating parental rights, "**the trial court must direct the official or deputy reporter to immediately commence the preparation of the reporter's record. The trial court must arrange for a substitute reporter, if necessary.**" (emphasis added)).

Patricia O. Alvarez, Justice

IN WITNESS WHEREOF, I have hereunto set my hand and affixed the seal of the said court on this 21st day of March, 2014.

Keith E. Hottle
Clerk of Court