**AFFIRMED; Opinion Filed April 11, 2014.**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

### No. 05-13-00860-CR

## RONALD PETER GRINDHEIM, Appellant
### V.
## THE STATE OF TEXAS, Appellee

On Appeal from the Criminal District Court No. 6
Dallas County, Texas
Trial Court Cause No. F04-48306-X

## MEMORANDUM OPINION
Before Justices Moseley, Francis, and Lang
Opinion by Justice Moseley

Ronald Peter Grindheim appeals the trial court's judgment revoking his community supervision and sentencing him to six years' confinement for felony driving while intoxicated. In a single issue, appellant contends the appellate record is missing an exhibit crucial to his appeal and that a new trial is required. The background of the case and the evidence adduced at trial are well known to the parties; thus, we do not recite them here in detail. Because all dispositive issues are settled in law, we issue this memorandum opinion. TEX. R. APP. P. 47.2(a), 47.4. We affirm the trial court's judgment.

An appellant is entitled to a new trial under certain conditions, one of which is that "without appellant's fault, a significant exhibit or a significant portion of the court reporter's notes and records has been lost or destroyed." TEX. R. APP. P. 34.6(f)(2); *Johnson v. State*, 151

S.W.3d 193, 196 (Tex. Crim. App. 2004). However, a court reporter's notes and records can be considered "lost" only if the missing portions of the appellate record are irretrievable. *Johnson*, 151 S.W.3d at 196.

Here appellant complains his judicial confession is lost. The reporter's record indicates the confession was admitted at the revocation hearing, but it is not contained as an exhibit in the reporter's record. We abated this appeal and requested the trial court make findings of fact regarding the missing exhibit.

The trial court made, and we adopted, the following findings: (1) State's Exhibit no. 1 is at pages 56 and 57 of the clerk's record; (2) the document includes language that the judicial confession incorporates by reference the allegations made against appellant in the motion before the court; and (3) the trial court discerned nothing to indicate the clerk's record lacks any other document that should be included regarding the revocation hearing.

Based on the trial court's findings, we conclude the exhibit is not irretrievable; it is in fact included in the clerk's record. *See id*. Therefore, we conclude the exhibit is not lost or destroyed. *See* TEX. R. APP. P. 34.6(f). Accordingly, we overrule appellant's issue.

We affirm the trial court's judgment.

/Jim Moseley/
JIM MOSELEY
JUSTICE

Do Not Publish
TEX. R. APP. P. 47.2(b)
130860F.U05



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

RONALD PETER GRINDHEIM, Appellant

No. 05-13-00860-CR　　　V.

THE STATE OF TEXAS, Appellee

On Appeal from the Criminal District Court
No. 6, Dallas County, Texas
Trial Court Cause No. F04-48306-X.
Opinion delivered by Justice Moseley.
Justices Francis and Lang participating.

　　　Based on the Court's opinion of this date, the judgment of the trial court is **AFFIRMED**.


Judgment entered this 11th day of April, 2014.


/Jim Moseley/
JIM MOSELEY
JUSTICE