

# In The
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

Nos. 06-14-00220-CR, 06-14-00221-CR,
06-15-00030-CR & 06-15-00031-CR

SHAHID KARRIEM ANSARI, III
V.
THE STATE OF TEXAS

BRIAN EUGENE WOODARD, Appellant
V.
THE STATE OF TEXAS, Appellee

CHARLES FRANCIS WILLIAMS
V.
THE STATE OF TEXAS

On Appeal from the 354th District Court
Hunt County, Texas
Trial Court Nos. 29390, 27739, 30023 & 30068

Before Morriss, C.J., Moseley and Burgess, JJ.

ORDER

Julie Vrooman serves as the official court reporter for the 354th Judicial District Court of Hunt County. Typically a very reliable and conscientious reporter, Vrooman has had difficulty in the recent past filing records in a timely manner.

On January 14, 2015, this Court ordered Vrooman to file the reporter's record in appellate cause numbers 06-14-00016-CR and 06-14-00017-CR, styled *Joseph John Grubbs v. The State of Texas*. Pursuant to our order, the record was to be filed with the Court on or before February 2, 2015. This order was issued after we had granted Vrooman two extensions of the filing deadline. Nevertheless, Vrooman failed to abide by the deadline established in our order; instead, she tardily filed the records in these cases on February 11, 2015.

On January 27, 2015, this Court ordered Vrooman to file the reporter's record in appellate cause number 06-14-00190-CR, styled *Tonya Ann Rodriguez v. The State of Texas*. Under that order, the deadline for filing the *Rodriguez* record was February 13, 2015. Again, our order in this case was only issued after we had given Vrooman two extensions of the filing deadline, and it was prompted by a third request from Vrooman for additional time. Once again, Vrooman disregarded the February 13 filing deadline established by our order and, instead, filed the record in this case piecemeal: a portion on February 18, a second portion on February 20, and the final portion on February 23, 2015.

On April 14, 2015, this Court ordered Vrooman to file the reporter's records in two additional matters: (1) appellate cause number 06-14-00239-CR, styled *Mark Eugene Engle v. The State of Texas*, and (2) appellate cause number 06-14-00221-CR, styled *Brian Eugene*

*Woodard v. The State of Texas*. The deadline established by the order in *Engle* was April 22, 2015, and the deadline established by the order in *Woodard* was April 29, 2015. As before, Vrooman was given two extensions of time in each of these cases, and the orders were issued in the face of third extension requests from her in both matters. Also as before, Vrooman disregarded the filing deadlines established by both orders. In *Engle*, while she filed a portion of the record on April 29, she did not file the complete record until May 1, 2015. As of the date this order was issued, Vrooman still has not filed the complete record in *Woodard*.

> The trial and appellate courts are jointly responsible for ensuring that the appellate record is timely filed. The appellate court may extend the deadline to file the record if requested by the clerk or reporter. Each extension must not exceed 30 days in an ordinary or restricted appeal, or 10 days in an accelerated appeal. The appellate court must allow the record to be filed late when the delay is not the appellant's fault, and may do so when the delay is the appellant's fault. The appellate court may enter any order necessary to ensure the timely filing of the appellate record.

TEX. R. APP. P. 35.3(c).

In light of Vrooman's repeated failure to comply with the foregoing orders of this Court, we are compelled to place Vrooman under a scheduling order governing the submission of all reporter's records she is currently responsible for preparing and filing with this Court. There are currently four separate appeals pending before this Court and originating out of the 354th Judicial District Court in which deadlines have been set for the filing of the reporter's records. We order Vrooman to prepare and file the reporter's records in these four matters in accordance with the schedule set out below:

3

| CAUSE NUMBER | STYLE | TO BE RECEIVED ON OR BEFORE |
|---|---|---|
| 06-14-00220-CR | *Shahid Karriem Ansari, III v. The State of Texas* | **May 20, 2015** |
| 06-14-00221-CR | *Brian Eugene Woodward v. The State of Texas* | **May 11, 2015** |
| 06-15-00030-CR | *Charles Francis Williams v. The State of Texas* | **June 18, 2015** |
| 06-15-00031-CR | *Charles Francis Williams v. The State of Texas* | **June 18, 2015** |

Official reporters are responsible for producing a record of the trial proceedings in a timely manner and in compliance with this Court's deadlines. While we do require timely filed records, we have no preference over how this is accomplished, only that it be accomplished timely and in accordance with applicable law and procedures. This order should not be understood as requiring that all the work it contemplates must be personally performed by Vrooman. Certainly, an option available to Vrooman within the spirit of this order is to delegate to one or more legally qualified persons certain responsibilities in a way that the process of producing the record remains under Vrooman's control or authority. Vrooman has the power to keep the production of these records within her control, if she complies with the above deadlines.

On the other hand, in addition to contempt power, we are authorized to take other steps to obtain promptly filed records, "including the appointment of a substitute court reporter to prepare and file the record from the original court reporter's notes." *Johnson v. State*, 151 S.W.3d 193, 196 (Tex. Crim. App. 2004); *see also* TEX. R. APP. P. 35.3(c), 37.3(a)(2); *Routier v. State*, 112 S.W.3d 554, 559 (Tex. Crim. App. 2003). Therefore, if Vrooman does not deliver any of the completed records by the associated deadline set out in this order, another option available to this

4

Court is to appoint such a substitute court reporter, to direct the substitute to complete the record using Vrooman's notes and records, and to tax the costs of that work to Vrooman. *See id.*

The filing deadlines established by this order are *final*. Any failure to meet a deadline established by this order will immediately result in the initiation of contempt proceedings against Vrooman and may result in further actions or orders of this Court.

IT IS SO ORDERED.

BY THE COURT

Date: May 7, 2015