COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS



| | § | |
|---|---|---|
| ROSA SERRANO, | | No. 08-15-000290-CV |
| | § | |
| Appellant, | | Appeal from |
| | § | |
| v. | | County Court at Law No. 7 |
| | § | |
| PELLICANO BUSINESS PARK, LLC, | | of El Paso County, Texas |
| | § | |
| Appellee. | | (TC # 2012-DCV-0641) |
| | § | |

## OPINION ON MOTION

This appeal is before the Court to determine whether Appellant, Rosa Serrano, is entitled to reversal and remand for a new trial pursuant to TEX.R.APP.P. 34.6(f) because the court reporter and substitute court reporter are unable to produce a record of the hearing on the temporary injunction. Serrano's motion for sanctions is also under consideration.

## FACTUAL SUMMARY

On September 16-18, 2015, the trial court conducted a hearing on Appellee's request for a temporary injunction. Leticia Dittmar was the official court reporter of the County Court at Law No. 7, and she transcribed the hearing. The trial court entered a temporary injunction order against Serrano on September 18, 2015.[1] Serrano timely filed her notice of interlocutory appeal on September 25, 2015, and the appellate record was due to be filed on or before October 5,

---

[1] The trial court also held Serrano in contempt, but a contempt order cannot be challenged by direct appeal. Consequently, our factual summary focuses on the facts pertinent to the temporary injunction.

2015. TEX.R.APP.P. 35.1. The clerk's record was filed on October 6, 2015. Dittmar filed an extension request on October 9, 2015. In the extension request, she explained that she was unaware of the appeal until October 7, 2015 when Serrano provided her with a copy of the notice of appeal. We granted Dittmar's request and extended the deadline for filing the reporter's record to October 25, 2015.

On October 28, 2015, Dittmar requested a second extension. In support of her extension request, Dittmar explained that Serrano had asked her to stop working on the record for this appeal. We granted the request and extended the deadline to November 14, 2015. When the reporter's record was not filed, Serrano filed a motion requesting an extension of time. On November 30, 2015, Dittmar requested an extension of ninety days to prepare the reporter's record. Dittmar explained that she was on medical leave for a condition that prevented her from preparing the reporter's record. The Court granted the request and extended the deadline for filing the record to February 29, 2016, but we informed Dittmar and the parties that it was a final extension.

Shortly before 5:00 p.m. on the day the record was due to be filed, Dittmar filed a letter informing the Court that she had retired that same date due to a medical condition and she was unable to prepare or file the reporter's record. We ordered the trial court to conduct a hearing to determine whether Serrano had timely requested the record, whether the court reporter's notes existed, and whether another court reporter could prepare the reporter's record from those notes.

At the hearing, Dittmar testified that she had the stenographic notes and exhibits from the temporary injunction hearing. She also testified that Serrano had made a request for preparation of the reporter's record. When asked whether another court reporter could prepare the record

from her stenographic notes, Dittmar answered in the affirmative but she added that her assistance would be required.

The trial court made the following findings: (1) the reporter's record of the September 16, 17, and 18, 2015 hearing is necessary to the appeal; (2) Serrano requested that Dittmar prepare the record but there is no evidence that Serrano made a timely request; (3) Dittmar is physically unable to prepare the record due to a medical condition; (4) her notes and the exhibits from the temporary injunction hearing have not been lost or destroyed; and (5) the reporter's record for the hearing could be completed in ninety days by another court reporter with the assistance of Dittmar. The trial court subsequently appointed Cecilia Looney to prepare and file the reporter's record.

On July 13, 2016, Dittmar filed a letter with the Court explaining that her medical condition has rendered her unable to assist Looney with interpreting her stenographic notes and there are no audio recordings that Looney could utilize to prepare the record of the temporary injunction hearing. A little over a week later, Looney filed a letter stating that she cannot transcribe the record without the audio recording. Looney also offered her opinion that no court reporter could prepare the record from the stenographic notes alone.

The Court gave the parties an opportunity to file responses to the court reporters' letters. In her response, Serrano argues that she is entitled to a new trial because the reporter's record has been lost without any fault on her part. Pellicano Business Park contends that Serrano did not timely request preparation of the record and she is at fault for the loss of the reporter's record.

## SERRANO'S MOTION FOR SANCTIONS

We begin by addressing Serrano's motion for sanctions. She asks that we impose sanctions against Pellicano Business Park because it "intentionally misapplied" Rule 34.6 of the

Texas Rules of Appellate Procedure in their responses. We have reviewed the response submitted by Pellicano Business Park and do not find that it has misrepresented or misapplied the elements of Rule 34.6. Serrano's motion for sanctions is denied.

## EVIDENTIARY HEARING NOT REQUIRED

The next issue we must address is whether it is necessary to order the trial court to conduct another evidentiary hearing. At the prior hearing, the evidence indicated that the record had not been lost because the court reporter's stenographic notes still existed, and Dittmar testified that another court reporter could prepare the record from those notes with her assistance. Unfortunately, Dittmar's condition has worsened and she is unable to assist to Looney. Further, Looney is unable to prepare the record without Dittmar's assistance because there is no audio recording of the temporary injunction hearing. Because these facts are undisputed, it is unnecessary for the trial court to conduct an evidentiary hearing.

## LOSS OF THE REPORTER'S RECORD

Under Rule 34.6(f), a party is entitled to a new trial under the following circumstances:

(1) if the appellant has timely requested a reporter's record;

(2) if, without the appellant's fault, a significant exhibit or a significant portion of the court reporter's notes and records has been lost or destroyed or--if the proceedings were electronically recorded--a significant portion of the recording has been lost or destroyed or is inaudible;

(3) if the lost, destroyed, or inaudible portion of the reporter's record, or the lost or destroyed exhibit, is necessary to the appeal's resolution; and

(4) if the lost, destroyed or inaudible portion of the reporter's record cannot be replaced by agreement of the parties, or the lost or destroyed exhibit cannot be replaced either by agreement of the parties or with a copy determined by the trial court to accurately duplicate with reasonable certainty the original exhibit.

TEX.R.APP.P. 34.6(f). Serrano focuses on the second element, but she is not entitled to a new trial unless all four circumstances are present.

Rule 34.6(b) requires the appellant to make a written request for preparation of the reporter's record at or before the time for perfecting the appeal. TEX.R.APP.P. 34.6(b)(1). In this written request, the appellant must designate both the exhibits and the portion of the proceedings to be included in the record. *Id.* Further, the appellant must file a copy of the written request with the trial court clerk. TEX.R.APP.P. 34.6(b)(2). Because this is an accelerated appeal, Serrano was required to make a written request for the record no later than October 8, 2015. *See* TEX.R.APP.P. 26.1(b), 34.6(b)(1). Based on the evidence presented at the Rule 34.6(f) hearing, the trial court found that Serrano had made a request for the court reporter to prepare the record, but there was no evidence that her request was timely. A written designation is critical in this case because the only portion of the trial court's order that can be addressed in this interlocutory appeal is the temporary injunction. In his written findings of fact and conclusions of law, the trial court ordered Serrano to file with the district clerk true and correct copies of all written requests made by her for the reporter's record for the temporary injunction hearing.

We ordered the district clerk to file a supplemental clerk's record containing any written requests by Serrano for the reporter's record. The supplemental clerk's record does not show that Serrano made a written request for preparation of the reporter's record in 2015 when she filed the notice of appeal. It contains what appears to be a new written request filed by Serrano on August 22, 2016.[2] To the extent Serrano's failure to make a timely written request and designation of the record delayed Dittmar's preparation of the record, it will be considered in our analysis of the second element.

Serrano maintains that the record has been lost without any fault on her part. It is undisputed that Dittmar is physically unable to work on the record, and Looney has informed the Court that she is unable to prepare the record from the stenographic notes. Given the absence of

---

[2] The certificate of service reflects that Serrano served it on August 22, 2016.

an audio recording of the hearing, we conclude that the reporter's record is lost. *See Johnson v. State*, 151 S.W.3d 193, 196 (Tex.Crim.App. 2004)(holding that court reporter's notes are lost for purposes of Rule 34.6 when the missing portions of record are irretrievable).

The only remaining issue is whether the record has been lost without any fault on the part of Serrano. The evidence shows that Dittmar was unaware of the appeal until Serrano provided her with a copy of the notice of appeal on October 7, 2015. In her second extension request filed on October 28, 2015, Dittmar explained that she had not completed the record because Serrano had asked her to stop working on the record. Dittmar testified that she began experiencing symptoms of the medical condition in October 2015, and other evidence showed that Dittmar was on medical leave for that condition on November 30, 2015. If Serrano had timely filed her written request and designation of the record, and if she had not asked Dittmar to stop working on the record, Dittmar could have begun preparation of the record at a time when she was not suffering from the medical condition that forced her retirement a few months later. Serrano, however, specifically instructed her to stop working on the record. While the loss of the record is not entirely the fault of Serrano, we cannot ignore that she did not file a designation of the record and she intentionally stopped the court reporter's preparation of the record at a point in time when the court reporter still had the physical ability to prepare the record. The resulting delay directly contributed to the loss of the record. We are unable to find that the record has been lost without any fault on the part of Serrano. Consequently, Serrano is not entitled to reversal of the temporary injunction order and remand for a new trial. The appeal will be determined on the clerk's record and the parties' briefs. Serrano's brief is due to be filed no later than thirty days from the date of this opinion.

PER CURIAM

August 25, 2016

Before McClure, C.J., Rodriguez, and Hughes, JJ.
Hughes, J., not participating