COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS



|  |  |  |
|---|---|---|
| ROSA SERRANO D/B/A THE LENS FACTORY, | § § | No. 08-15-00044-CV |
| Appellant, | § | Appeal from |
| v. | § | County Court at Law No. 7 |
| CITY BANK AND OLD REPUBLIC NATIONAL TITLE INSURANCE COMPANY, | § § § | of El Paso County, Texas (TC # 2015-DCV-1079/2013-DCV-3139) |
| Appellee. | § |  |

## OPINION ON MOTION

This appeal is before the Court to determine whether Appellant, Rosa Serrano, is entitled to reversal and remand for a new trial pursuant to TEX.R.APP.P. 34.6(f) because the court reporter and substitute court reporter are unable to produce a record of the January 5, 2015 vexatious litigant hearing. Serrano's motion for sanctions is also under consideration.

## FACTUAL SUMMARY

On January 5, 2015, the trial court conducted a hearing to address Appellees' motions to determine that Serrano is a vexatious litigant. Leticia Dittmar was the official court reporter of the County Court at Law No. 7, and she transcribed that hearing. The trial court granted the Appellees' motions and entered four vexatious litigant orders against Serrano on January 28,

2015.[1] Serrano filed her notice of appeal from those orders on February 5, 2015, and the appellate record was due to be filed on or before March 29, 2015.[2] TEX.R.APP.P. 35.1. The clerk's record was timely filed on March 27, 2015.

In an order entered on April 14, 2015, the Court resolved a jurisdictional issue and ordered that the reporter's record would be due on June 27, 2015. Dittmar filed an extension request a few days after the due date. The Court granted the request and extended the deadline for filing the reporter's record to July 27, 2015. Dittmar filed a letter on July 30, 2015 stating that she had not prepared the reporter's record because Serrano had asked her to stop working on it. The Clerk of the Court sent notice to the parties inquiring whether any other party intended to file the reporter's record. The letter also advised the parties that if no reporter's record was going to be filed, Serrano's brief became due on April 26, 2015, thirty days after the clerk's record was filed. *See* TEX.R.APP.P. 38.6(a). Old Republic did not file a response, but City Bank notified the Court that it did not intend to request the reporter's record. Approximately one week later, Serrano filed a motion to stay the appeal and compel the trial court to enter findings of fact and conclusions of law. Following the denial of this motion, Serrano filed a motion requesting an extension of time to file both the reporter's record and her brief. The Court granted the motion and extended the time for filing the reporter's record to October 9, 2015.

On October 22, 2015, Dittmar requested a third extension, stating that she had not finished the record in this case because she was working on other records for Serrano. We granted the request and extended the deadline to November 21, 2015. The reporter's record was

---

[1] In two of the orders, the trial court determined that Appellant is a vexatious litigant and ordered her to post security for the benefit of Appellees, Old Republic National Title Insurance Company and City Bank. *See* TEX.CIV.PRAC.&REM.CODE ANN. § 11.051 (West 2002). The trial court also entered two orders prohibiting Appellant from filing, in propria persona, any new litigation in any court without obtaining permission from the local administrative judge. *See* TEX.CIV.PRAC.&REM.CODE ANN. § 11.101 (West 2002 & Supp. 2016).
[2] The notice of appeal was filed in the Eighth Court of Appeals on February 9, 2015.

not filed, and Dittmar, on November 30, 2015, requested an extension of ninety days to prepare the reporter's record. Dittmar explained that she was on medical leave for a condition that prevented her from preparing the reporter's record. The Court granted the request and extended the deadline for filing the record to February 29, 2016, but we informed Dittmar and the parties that it was a final extension.

Shortly before 5:00 p.m. on the day the record was due to be filed, Dittmar filed a letter informing the Court that she had retired that same date due to a medical condition and she was unable to prepare or file the reporter's record. We ordered the trial court to conduct a hearing to determine whether Serrano had timely requested the record, whether the court reporter's notes existed, and whether another court reporter could prepare the reporter's record from those notes.

At the hearing, Dittmar testified that she had the stenographic notes and exhibits from the January 5, 2015 hearing. She also testified that Serrano had made a written request for preparation of the reporter's record, but she did not have a copy of that request with her. She did not specify or recall the date of that request and Serrano did not file a copy with the trial court clerk. Dittmar offered more details about the statement in her affidavit that she had not prepared the record because Serrano had asked her to stop working on it. According to Dittmar, Serrano came into her office and specifically instructed her to stop working on the record for this appeal because she intended to file a record that would dispense with the necessity for the reporter's record. Additionally, Dittmar explained that Serrano instructed her to work on the records related to other proceedings resulting in confusion on the part of Dittmar.[3] When asked whether

---

[3] Dittmar did not specify the other proceedings, but the Court is aware that Serrano was actively pursuing other cases during the time when Dittmar would have been working on the reporter's record for this appeal. Serrano appealed a temporary injunction entered by the County Court at Law No. 7 of El Paso County, Texas in cause number 2012DCV06341. *See Rosa Serrano d/b/a The Lens Factory v. Pellicano Business Park, LLC*, No. 08-15-00290-CV. Serrano filed her notice of appeal in cause number 2012DCV06341 on September 25, 2015. She also filed several original proceedings challenging contempt orders entered in that same case. *See In re Rosa Serrano*, No. 08-15-00285-CV, 2015 WL 5602626 (Tex.App.--El Paso, September 23, 2015, orig. proceeding)(filed

another court reporter could prepare the record from her stenographic notes, Dittmar answered in the affirmative but she added that her assistance would be required. The trial court made the following findings: (1) the reporter's record of the January 5, 2015 vexatious litigant hearing is necessary to the appeal; (2) Serrano requested that Dittmar prepare the record but there is no evidence that Serrano made a timely request; (3) Dittmar is physically unable to prepare the record due to a medical condition; (4) her notes and the exhibits from the January 5, 2015 hearing have not been lost or destroyed; and (5) the reporter's record for the hearing could be completed in ninety days by another court reporter with the assistance of Dittmar. The trial court subsequently appointed Cecilia Looney to prepare and file the reporter's record. On July 13, 2016, Dittmar filed a letter with the Court explaining that her medical condition has rendered her unable to assist Looney with interpreting her stenographic notes and there are no audio recordings that Looney could utilize to prepare the record of the January 5, 2015 hearing. A little over a week later, Looney filed a letter stating that she cannot transcribe the record of the January 5, 2015 hearing without the audio recording. Looney also offered her opinion that no court reporter could prepare the record from the stenographic notes alone.

The Court gave the parties an opportunity to file responses to the court reporters' letters, and all of the parties have done so. In her response, Serrano argues that she is entitled to a new trial because the reporter's record has been lost without any fault on her part. Both City Bank and Old Republic contend that the record does not show that Serrano timely requested the reporter's record. Further, they assert that Serrano is at fault for the loss of the reporter's record.

---

September 16, 2015); *In re Rosa Serrano*, 08-15-00284-CV, 2015 WL 5440820 (Tex.App.--El Paso September 16, 2015, orig. proceeding)(filed September 11, 2015); *In re Rosa Serrano*, 08-15-00269-CV, 2015 WL 4940045 (Tex.App.--El Paso August 19, 2015, orig. proceeding)(filed August 17, 2015).

## SERRANO'S MOTION FOR SANCTIONS

We begin by addressing Serrano's motion for sanctions. She asks that we impose sanctions against Appellees because they "intentionally misapplied" Rule 34.6 of the Texas Rules of Appellate Procedure in their responses. We have reviewed Appellees' responses and do not find that they have misrepresented or misapplied the elements of Rule 34.6. Serrano's motion for sanctions is denied.

## EVIDENTIARY HEARING NOT REQUIRED

The next issue we must address is whether it is necessary to order the trial court to conduct another evidentiary hearing. At the prior hearing, the evidence indicated that the record had not been lost because the court reporter's stenographic notes still existed, and Dittmar testified that another court reporter could prepare the record from those notes with her assistance. Unfortunately, Dittmar's condition has worsened and she is unable to assist to Looney. Further, Looney is unable to prepare the record without Dittmar's assistance because there is no audio recording of the January 5, 2015 hearing. Because these facts are undisputed, it is unnecessary for the trial court to conduct an evidentiary hearing.

## LOSS OF THE REPORTER'S RECORD

Under Rule 34.6(f), a party is entitled to a new trial under the following circumstances:

(1) if the appellant has timely requested a reporter's record;

(2) if, without the appellant's fault, a significant exhibit or a significant portion of the court reporter's notes and records has been lost or destroyed or--if the proceedings were electronically recorded--a significant portion of the recording has been lost or destroyed or is inaudible;

(3) if the lost, destroyed, or inaudible portion of the reporter's record, or the lost or destroyed exhibit, is necessary to the appeal's resolution; and

(4) if the lost, destroyed or inaudible portion of the reporter's record cannot be replaced by agreement of the parties, or the lost or destroyed exhibit cannot be

> replaced either by agreement of the parties or with a copy determined by the trial court to accurately duplicate with reasonable certainty the original exhibit.

TEX.R.APP.P. 34.6(f). Serrano focuses on the second element, but she is not entitled to a new trial unless all four circumstances are present.

Rule 34.6(b) requires the appellant to make a written request for preparation of the reporter's record. TEX.R.APP.P. 34.6(b)(1). In this written request, the appellant must designate both the exhibits and the portion of the proceedings to be included in the record. *Id.* Further, the appellant must file a copy of the written request with the trial court clerk. TEX.R.APP.P. 34.6(b)(2). Based on the evidence presented at the Rule 34.6(f) hearing, the trial court found that Serrano had made a request for the court reporter to prepare the record, but there was no evidence that her request was timely. In his written findings of fact and conclusions of law, the trial court ordered Serrano to file with the district clerk true and correct copies of all written requests made by her for the reporter's record for the vexatious litigant hearing.

We ordered the district clerk to file a supplemental clerk's record containing any written requests by Serrano for the reporter's record. The supplemental clerk's record does not show that Serrano made a written request for preparation of the reporter's record in 2015 when she filed the notice of appeal. It contains what appears to be a new written request filed by Serrano on August 22, 2016.[4] To the extent Serrano's failure to make a timely written request and designation of the record delayed Dittmar's preparation of the record, it will be considered in our analysis of the second element.

Serrano maintains that the record has been lost without any fault on her part. It is undisputed that Dittmar is physically unable to work on the record, and Looney has informed the Court that she is unable to prepare the record from the stenographic notes. Given the absence of

---

[4] The certificate of service reflects that Serrano served it on August 22, 2016.

an audio recording of the hearing, we conclude that the reporter's record is lost. *See Johnson v. State*, 151 S.W.3d 193, 196 (Tex.Crim.App. 2004) (holding that court reporter's notes are lost for purposes of Rule 34.6 when the missing portions of record are irretrievable).

The only remaining issue is whether the record has been lost without any fault on the part of Serrano. It is unclear when Serrano requested preparation of the record or when Dittmar began working on it. There is evidence that Dittmar began working on the record at some point prior to July 30, 2015. Dittmar was not then suffering from the medical condition that later forced her to retire, and she could have prepared and filed the reporter's record. Serrano, however, specifically instructed her to stop working on the record because she apparently believed it was unnecessary to the appeal. Further, Serrano asked Dittmar to prepare records related to other proceedings. By the time Serrano renewed her request for preparation of the record, Dittmar had begun experiencing symptoms of the medical condition that ultimately prevented her from preparing the record or assisting another court reporter to prepare the record. While the loss of the record is not entirely the fault of Serrano, we cannot ignore that she failed to request preparation of the record within the timeframe contemplated by the Rules of Appellate Procedure, she intentionally stopped the court reporter's preparation of the record at a point in time when the court reporter had the physical ability to prepare the record, and she instructed the court reporter to work on records related to other proceedings. The resulting delay directly contributed to the loss of the record. We are unable to find that the record has been lost without any fault on the part of Serrano. Given that Serrano has failed to establish the first two elements under Rule 34.6(f), she is not entitled to reversal of the four vexatious litigant orders and remand for a new trial. The appeal will be determined without a reporter's record. Serrano's brief is due to be filed no later than thirty days from the date of this opinion.

PER CURIAM

August 25, 2016

Before McClure, C.J., Rodriguez, and Hughes, JJ.
Hughes, J., not participating