

# Fourth Court of Appeals
## San Antonio, Texas

July 31, 2019

No. 04-19-00413-CV

**IN THE INTEREST OF A.D.G., A CHILD**,
Appellant

From the 73rd Judicial District Court, Bexar County, Texas
Trial Court No. 2018PA00632
Honorable Charles E. Montemayor, Judge Presiding

# O R D E R

The reporter's record was due on June 20, 2019. *See* TEX. R. APP. P. 35.1. This court twice extended the deadline for court reporter Elva Chapa to file the reporter's record, which she did on July 8, 2019. The next day, Elva Chapa advised this court that Luis Duran Jr. was responsible for the first volume of the reporter's record, which he was preparing.

On July 16, 2019, after no reporter's record was filed by Luis Duran Jr., this court notified court reporter Luis Duran Jr. that the reporter's record was late and he must file a notification of late record by July 22, 2019, or the reporter's record not later than July 26, 2019. *See id.* R. 37.3(a)(1). To date, this court has not received a notification of late record and the reporter's record has not been filed.

The child's "need for permanence is the paramount consideration for the child's present and future physical and emotional needs." *See Dupree v. Tex. Dep't of Protective & Regulatory Servs.*, 907 S.W.2d 81, 87 (Tex. App.—Dallas 1995, no writ). This court must render its decision "with the least possible delay," and any further delays in obtaining the reporter's record will hinder this court in its duty. *See* TEX. R. APP. P. 35.3(c); *In re J.L.*, 163 S.W.3d 79, 82 (Tex. 2005) (quoting TEX. FAM. CODE ANN. § 263.405(a)).

We ORDER court reporter Luis Duran Jr. to file the reporter's record in this court **not later than TEN DAYS from the date of this order**. *See id.* R. 35.3(c).

If the reporter's record is not filed as ordered, a show cause order shall issue directing Luis Duran Jr. to appear on a day certain and show cause why he should not be held in contempt for failing to file the record. *See* TEX. R. APP. P. 35.3(c); *see also* TEX. GOV'T CODE ANN. § 21.002 (West 2004) (authorizing contemnor punishment up to "a fine of not more than $500 or confinement in the county jail for not more than six months, or both such a fine and confinement

in jail"); *Johnson v. State*, 151 S.W.3d 193, 195–96 (Tex. Crim. App. 2004) (noting the court's previous action holding a court reporter in contempt for "repeatedly fail[ing] to prepare and file the record" and "order[ing] him incarcerated . . . until the record was finished").

We direct the clerk of this court to cause a copy of this order to be served on Luis Duran Jr. by certified mail, return receipt requested, with delivery restricted to addressee only, or give other personal notice of this order with proof of delivery.

Because "[t]he trial and appellate courts are jointly responsible for ensuring that the appellate record is timely filed," TEX. R. APP. P. 35.3(c), the clerk of this court is directed to deliver a copy of this order to the Honorable Charles Montemayor, Associate Judge. *See also* TEX. R. APP. P. 28.4 (b) (providing that in appeals from orders terminating parental rights, "**the trial court must direct the official or deputy reporter to immediately commence the preparation of the reporter's record. The trial court must arrange for a substitute reporter, if necessary.**" (emphasis added)).

_____
Patricia O. Alvarez, Justice

IN WITNESS WHEREOF, I have hereunto set my hand and affixed the seal of the said court on this 31st day of July, 2019.

_____
Keith E. Hottle,
Clerk of Court