In The

## *Court of Appeals*

## *Ninth District of Texas at Beaumont*

_____

### NO. 09-19-00210-CR
_____

### MICHAEL CLINT WALLACE JR., Appellant

### V.

### THE STATE OF TEXAS, Appellee

**On Appeal from the 1A District Court**
**Tyler County, Texas**
**Trial Cause No. 13,018**

## MEMORANDUM OPINION

Following a trial, a jury convicted Michael Clint Wallace Jr. of continuous sexual abuse of a child.[1] Wallace appealed, claiming he is entitled to a new trial because significant portions of the court reporter's record were either lost or destroyed. Following the appeal, we remanded the proceedings and required the trial court to conduct several hearings to resolve the dispute over whether the reporter's record was irretrievably lost. The trial court issued findings of fact, which support

---
[1]*See* Tex. Penal Code Ann. § 21.02.

1

Wallace's claim that a complete record of the proceedings is unavailable to him in his appeal. The State agrees, explaining significant portions of the reporter's record from the trial were lost or destroyed. It acknowledges Wallace is entitled to receive a new trial.

Under the Texas Rules of Appellate Procedure, the defendant is entitled to a new trial on proving four things: (1) the defendant timely requested a reporter's record; (2) a significant portion of the reporter's record, without the defendant's fault, has been lost or destroyed; (3) the portions of the record that have been lost or destroyed are necessary to resolving the issues in the appeal; and (4) the portions of the record that have been lost or destroyed cannot be replaced by the agreement.[2] The record shows that in April 2019, a jury convicted Wallace after finding him guilty of the continuous sexual abuse of a child. The trial court rendered judgment on the jury's verdict before Wallace was aware there was a problem with the court reporter's reporting of the record.

After the trial court signed the judgment, Wallace requested a complete reporter's record of the proceedings in his trial. Because the official reporter the trial court generally used was unavailable on two of the days of Wallace's trial, the trial court had a substitute reporter transcribe the proceedings on those days. When Wallace asked the substitute reporter to transcribe the proceedings of the two days

---

[2]Tex. R. App. P. 34.6(f).

she covered of the guilt-innocence phase of his trial, she advised the Court she could not provide him or the Court with a certifiable transcript of that portion of the proceedings because the machine she used on those days had malfunctioned, and because the files created on the machine on those days were lost.

In response to the letter, as required by Rule 34.6(f), we abated the proceedings so the trial court could determine whether a significant portion of the reporter's record had been lost or destroyed.[3] After conducting several evidentiary hearings, the trial court found that Wallace was entitled to a new trial. Thereafter, we decided the trial court had reached its conclusion prematurely because the evidence presented to the trial court in those hearings did not prove the records had been irretrievably lost. We explained that before the trial court could find the records were irretrievably lost, the evidence would need to show that another reporter could not use the substitute reporter's records (including any audio recordings) to create a transcript that could be certified for the appeal.[4]

Accordingly, we abated the proceedings again, instructing the trial court to appoint a reporter to allow another reporter time to evaluate the substitute reporter's records and any audio recordings. After evaluating those materials, the other reporter

---

[3]*Id.*

[4]*Johnson v. State*, 151 S.W.3d 193, 196 (Tex. Crim. App. 2004) ("A court reporter's notes and records, or portions thereof, can be considered 'lost' only if the missing portions of the appellate record are irretrievable.").

was to provide the trial court with a professional opinion regarding whether the available records that existed could still be used to create a transcript from which an accurate and certifiable record could be created as a substitute for the missing portions of the record in Wallace's appeal. Although the trial court did so, the reporter that examined the information that was available filed an affidavit stating she could not use the remaining files and recordings to create a transcript that she could certify as an accurate substitute for the missing records in the appeal. A separate court reporter, who Wallace retained, provided an affidavit reaching essentially the same conclusion.

After the reporters filed affidavits, the trial court held another hearing. In that hearing, the attorney for the State and the attorney for Wallace agreed that substantial portions of the substitute reporter's record, portions material to the appeal, have been lost or destroyed. The prosecutor also stated the affidavits reflect "there are no decipherable stenographic notes" and that "the transcript that was previously produced by the [substitute reporter] was [not] actually created by notes." And the prosecutor concluded "the record is irretrievable and, therefore, lost or destroyed under Texas law." At the conclusion of the hearing, the trial court found Wallace was entitled to a new trial under the requirements of Rule 34.6(f).

Having reviewed the record, we agree significant portions of the reporter's record have either been lost or destroyed, without Wallace's fault. The parties have

4

not agreed to replace the lost portions of the record by agreement. Since Wallace challenges whether sufficient evidence supports his conviction, a complete transcript of the evidence is necessary to resolve the issues relevant to his appeal.[5]

Accordingly, we reverse the trial court's judgment (a judgment it rendered before recognizing the reporter's record was lost) and we remand the case to the trial court so that it may conduct a new trial.

REVERSED AND REMANDED.

_____
HOLLIS HORTON
Justice

Submitted on June 1, 2021
Opinion Delivered March 2, 2022
Do Not Publish

Before Golemon, C.J., Horton and Johnson, JJ.

---

[5]*See Gavrel v. Rodriguez*, 225 S.W.3d 758, 763 (Tex. App.—Houston [14th Dist.] 2007, pet. denied) (concluding that, in the absence of a complete record, "it is impossible to review all the evidence presented to the jury or to apply the appropriate evidentiary sufficiency standard of review").