# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-23-00633-CR

**Cequil Shag Clemons, Appellant**

**v.**

**The State of Texas, Appellee**

### FROM THE 264TH DISTRICT COURT OF BELL COUNTY
### NO. 82094, THE HONORABLE PAUL L. LEPAK, JUDGE PRESIDING

## O R D E R   A N D   M E M O R A N D U M   O P I N I O N

**PER CURIAM**

In the above cause, the reporter's record was due on January 3, 2024. This Court received volumes one, three, four, and five of the reporter's record by that date but did not receive volume two, a transcript of a pretrial hearing held on November 18, 2021, regarding the State's motion to join co-defendants.

On February 27, 2024, Jessica Jacobi, one of the four court reporters responsible for the preparation of the record, informed this Court that the missing volume had been prepared by court reporter Norma Rico. Ms. Jacobi explained that Ms. Rico had experienced personal issues, including the passing of her 19-year-old son, that had prevented her from timely filing her portion of the record. Ms. Jacobi further advised the Court that the attorney for appellant had reached out to Ms. Rico on January 30, 2024, and Ms. Rico had informed the attorney of the passing of her son and that she only needed thirty more days to complete the record. However,

as of February 27, Ms. Jacobi had not received the missing volume of the record or a response from Ms. Rico, and she advised the Court, "I cannot give you a date that this record will be completed due to no response from Ms. Rico."

On April 5, 2024, this Court ordered Ms. Rico to tender her portion of the reporter's record in this cause to the official court reporter and to send this Court verification of that action no later than April 15, 2024. *See* Tex. R. App. P. 37.3(a). We informed Ms. Rico that failure to file the record would result in her being called before the Court to show cause why she should not be held in contempt. As of this date, we have received no response from Ms. Rico, and the missing volume of the reporter's record has not been filed.

On August 21, 2024, counsel for appellant filed with this Court a motion for issuance of a show-cause order. In the motion, counsel advised us that she had emailed Ms. Rico on July 15, 2024, requesting a status update on the record, and that Ms. Rico never responded to her inquiry. Counsel also explained that she had learned that following a hearing on August 2, 2024, the Judicial Branch Certification Commission, the agency charged with certification and oversight of court reporters, had taken disciplinary action against Ms. Rico and revoked her license to practice court reporting. Based on these developments, counsel believed that Ms. Rico "apparently has little to no intention of voluntarily complying with any order, much less a request of this Court or any Court," and asked this Court to "initiate a show cause hearing and take any action necessary to promptly secure the preparation and filing of the transcript" of the hearing on the State's motion to join.

Under these circumstances, we conclude that holding a show-cause hearing would serve only to further delay these proceedings. Accordingly, we deny appellant's motion. Instead, we will abate the appeal and remand the cause to the district court to hold a hearing to

address factual matters relating to the missing volume of the reporter's record, including whether it is lost or destroyed, whether it is necessary to the appeal's resolution, and whether it can be replaced by agreement of the parties. *See* Tex. R. App. P. 34.6(f); *Nava v. State*, 415 S.W.3d 289, 305 (Tex. Crim. App. 2013); *Routier v. State*, 112 S.W.3d 554, 570-71 (Tex. Crim. App. 2003); *see also* Tex. R. App. P. 35.3(c), 37.3(a)(2); *Johnson v. State*, 151 S.W.3d 193, 196 (Tex. Crim. App. 2004) ("A court reporter's notes and records, or portions thereof, can be considered 'lost' only if the missing portions of the appellate record are irretrievable.").

The district court shall prepare written findings of fact and conclusions of law regarding these matters. The district clerk shall prepare a supplemental clerk's record containing those findings of fact and conclusions of law as well as any documents or orders relating to the hearing on remand. The official court reporter shall prepare a transcription of the hearing on remand and file that transcription as a supplemental reporter's record in this appeal. The district clerk and the court reporter shall file their supplemental records with the Clerk of this Court within 30 days of the date of this order, and the appeal will be reinstated in this Court at that time.

Before Justices Triana, Kelly, and Theofanis

Filed:   September 6, 2024

Do Not Publish

3