# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-25-00281-CV

**Christine Hanson, Appellant**

**v.**

**Johny Jideofor Nwachukwu, Appellee**

## FROM COUNTY COURT AT LAW NO. 4 OF WILLIAMSON COUNTY
## NO. 21-2178-FC4, THE HONORABLE JOHN B. MCMASTER, JUDGE PRESIDING

## O R D E R   A N D   M E M O R A N D U M   O P I N I O N

**PER CURIAM**

The reporter's record in this case was originally due on May 28, 2025. On May 30, 2025, this Court sent court reporter Ms. Amy Russell notice that the reporter's record was overdue and asked her to send this Court a written explanation for the delay and an estimate of when the record would be complete. We requested a response to be filed no later than June 9, 2025. No response was received. Accordingly, this Court ordered Ms. Russel to file the reporter's record no later than July 18, 2025, and warned that the failure to file by that date would result in Ms. Russell's being called before the Court to show cause why she should not be held in contempt. No reporter's record was filed by the deadline.

Six days after the deadline passed, the clerk's office contacted Ms. Russell by phone to inquire about the status of the record. Ms. Russell informed the clerk's office that she

was having a medical issue and stated that she planned that day to file a request for an extension of time to file the record. One week later, Ms. Russell filed a request for an extension, asking that the deadline be extended to August 5, 2025. On August 11, 2025, Ms. Russell filed another request for an extension, requesting that the deadline be extended to August 11, 2025. The clerk's office informed Ms. Russell that the deadline had been extended to September 8, 2025, but warned that the matter would be referred to the Court if Ms. Russell did not respond or file the reporter's record. To date, no reporter's record has been filed.

Trial courts and appellate courts "are jointly responsible for ensuring that the appellate record is timely filed." Tex. R. App. P. 35.3(c). Further, an "appellate court may enter any order necessary to ensure the timely filing of the appellate record." *Id.*; *see also Johnson v. State*, 151 S.W.3d 193, 196 (Tex. Crim. App. 2004) (explaining that Rules of Appellate Procedure allow appellate courts to undertake actions other than contempt proceedings "designed to ensure the preparation and filing of the record"). Among other duties, the trial court must "help ensure that the reporter's work is timely accomplished by setting work priorities." Tex. R. App. P. 13.3. "When the official court reporter is unable to perform [her] duties . . . because of illness, press of official work, or unavoidable absence or disability, the trial court may designate a deputy reporter." *Id.* R. 13.5; *see Johnson*, 151 S.W.3d at 196 (noting that appellate courts can order "appointment of a substitute court reporter"); *see also Magana v. Citibank, N.A.*, 454 S.W.3d 667, 678 (Tex. App.—Houston [14th Dist.] 2014, pet. denied) (explaining that it was proper for substitute court reporter to prepare record based on previous court reporter's notes).

Accordingly, we abate this case and remand the cause to the trial court for further proceedings. *See Primrose Operating Co v. Jones*, No. 07-01-00275-CV, 2002 WL 236629,

2

at *2 (Tex. App.—Amarillo Feb. 19, 2002, order) (per curiam). Upon remand, the trial court should hold as many hearings as necessary to determine:

> (1) whether Ms. Russell is capable of preparing the reporter's record in this appeal;
>
> (2) whether another certified court reporter should be appointed to prepare the record; and
>
> (3) what if any other actions need to occur to ensure that the reporter's record that is overdue can be prepared and filed with this Court within 30 days of this abatement order.

*See id.*

All hearings held during the abatement shall be transcribed by a certified court reporter, and those transcriptions will be prepared as a supplemental reporter's record or records in this appeal. The trial court shall prepare written findings of fact and conclusions of law with regard to the issues set out above. The trial court clerk shall prepare a supplemental clerk's record containing the findings and conclusions, any pleadings filed in the matter, and any orders signed by the trial court. The supplemental clerk's record and the supplemental reporter's record or records shall be filed with this Court's clerk by October 20, 2025.

It is so ordered on September 16, 2025.

Before Chief Justice Byrne, Justices Crump and Ellis

Abated and Remanded

Filed: September 16, 2025

3