In The

*Court of Appeals*

*Ninth District of Texas at Beaumont*

_____

**NO. 09-19-00210-CR**
_____

**MICHAEL CLINT WALLACE JR., Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

**On Appeal from the 1A District Court**
**Tyler County, Texas**
**Trial Cause No. 13,018**

**ORDER**

Based on this Court's authority under Texas Rule of Appellate Procedure 34.6(f), we abated the proceedings in the above cause and asked the trial court to determine whether a portion of the reporter's record from Michael Clint Wallace's trial had been lost or destroyed.[1] In response, the trial court conducted several hearings in January and April 2020. During these hearings, the trial court considered the testimony and the arguments presented by the parties about whether an accurate

_____
[1]Tex. R. App. P. 34.6(f).

1

copy of the items missing from the record could be created and then filed so they are in the record created in the trial court so this Court could have a complete record from the trial available to review in the appeal.

The transcript of the hearings the trial court conducted show a substitute-court reporter was responsible for transcribing the proceedings from the two days of Wallace's trial currently missing from the record filed in Wallace's appeal. The hearings also show the reason that the trial court had a substitute-court reporter present on the two days of trial now at issue was because the court's official-court reporter was absent and unavailable during the days now at issue in Wallace's appeal.

After finishing gathering evidence in the hearings on the matter, the trial court reduced its findings from the hearings to writing. One witness who testified in the hearings was a court reporter the State hired to evaluate whether she could create an accurate transcript of the proceedings from the records the State obtained from the substitute-court reporter after we abated the proceedings so the trial court could determine whether the records now at issue were irretrievably lost. Although the reporter the State hired created a transcript, the trial court refused to find that it accurately reflects what occurred while the court was in session during the days currently missing from the appellate record. In another finding, the trial court found

2

"a significant portion of the [substitute]-court reporter's notes and records, namely, the first two days of the trial proceedings, [have] been lost or destroyed."[2]

After we reinstated Wallace's appeal, the State filed a brief attacking the trial court's findings as premature. The State concludes the evidence from the hearings fails to show the substitute-reporter's records have been irretrievably lost; instead, the State suggests the record shows the substitute-reporter's notes and records still exist. According to the State, a reporter need only access the proprietary software needed to read the substitute-reporter's notes to determine whether, from them, an accurate transcript from the first two days of Wallace's trial can be prepared.

The evidence from the hearings does not show the trial court ever ordered the substitute reporter to allow another reporter to access the proprietary software and the dictionary needed to read and interpret the notes the substitute reporter created when she was using her machine. While we have no quarrel with the trial court's finding that the transcript the substitute reporter created after finding her notes is not

---

[2]The trial court found the substitute reporter's transcript was "not a true and correct transcription of all the evidence and other proceedings [that occurred] during [the] trial." And the trial court found the transcript of the proceedings that a court reporter hired by the State created based on her review of the transcript the substitute reporter filed and the audio files the substitute reporter captured on the equipment she used when she was assigned to report the proceedings could still not access "any of the stenographic notes from [the substitute reporter's] stenograph machine, the backup card, or the machine's internal memory and use those to recreate the transcript."

3

an accurate transcript of the proceedings, we agree with the State the record does not yet show whether the notes needed to do so have been lost or destroyed.[3] For that reason, more must be done before it is possible to declare that the proceedings now missing have been lost or destroyed.

The record reflects the trial court has not exercised the power it has to appoint a court reporter, chosen by the court, to examine the files and records that the substitute reporter created on April 15-16, 2019, and to evaluate whether the notes and files, after accessing them through the proprietary software and the substitute reporter's dictionary can be read and interpreted so that, by using them along with the audio files the substitute reporter captured on recorders, an accurate transcript of the proceedings now missing can still be prepared. Under Texas law, a reporter's notes and records from a proceeding are *lost* only if they are *irretrievable*.[4] That fact cannot yet be determined unless the trial court takes several additional steps, which are not exclusive, designed to:

(1) determine whether the substitute reporter still has access to her Case CATalyst software and personal dictionary;

(a) if so, order the substitute reporter to make the software, dictionary, and all notes—both the files from the two days of proceedings she created with her machine and the files she

---

[3]The testimony from the hearings reflects the proprietary software the substitute reporter used with her machine is Case CATalyst software. The dictionary the testimony mentions is a dictionary the substitute reporter created with the software to interpret her notes.

[4]*Johnson v. State*, 151 S.W.3d 193, 196 (Tex. Crim. App. 2004).

created using any audio recorders—available to a court-appointed reporter so that reporter may evaluate and provide an opinion to the trial court about whether it is possible to create a certifiable record of the proceedings that occurred in Wallace's trial on April 15-16, 2019;

(b) if not, either because the substitute reporter no longer has access to her Case CATalyst software or because she no longer has access to her dictionary, the trial court must then determine whether other software, available from some other source, would allow a court-appointed reporter to access the files the substitute reporter placed on her machine and then examine them to evaluate whether from them and the audio files the substitute reporter captured on the equipment she used to record the proceedings would permit the court-appointed reporter to transcribe all of the matters significant to the reporter's ability to create an accurate record of the proceedings that are currently missing from the record before this Court;

> (1) schedule a hearing after the court-appointed court reporter files the above letter with the District Clerk. When scheduling the hearing, allow the parties time to file motions contesting the court-appointed reporter's opinion should a party desire to do so. The motions filed by the parties must set out the grounds and legal arguments explaining why that party is contesting the opinion the court-appointed reporter expressed in the letter.

> (2) if a party files a motion, decide whether the court-appointed reporter should prepare a transcript even after having stated an accurate transcript cannot be prepared by using the substitute reporter's files in a hearing on any party's motion contesting the reporter's opinion. During the hearing, determine whether the court will, regardless of the court-appointed reporter's opinion, require the court-appointed reporter to prepare a transcript of the proceedings that are now missing from the appellate record using the substitute reporter's files and by using the reporter's best efforts.

5

(2) If the court-appointed court reporter's letter reflects the reporter believes he or she can prepare a transcript that can be certified of the proceedings now missing from the record on appeal with the recordings and audio files the substitute reporter captured together with the substitute-reporter's notes from her machine, the trial court must then order the court-appointed reporter to transcribe the record and to prepare a certificate, if the reporter determines he or she can do so after preparing the transcript, stating the transcription the reporter prepared is an accurate account of the proceedings that occurred on April 15 and 16 in Wallace's trial while the trial court was in session. The court-appointed court reporter is directed to file a certification stating whether (or not) the transcript prepared by the court-appointed reporter is an accurate transcript of the proceedings that occurred in Wallace's trial on April 15-16, 2019, while the court was in session.

(a) If however, the court-appointed reporter determines she cannot certify the transcript as accurate after preparing it, the reporter is to attach an explanation to the transcript that explains why the reporter determined, after working on the transcript, why and where, by page and line where possible, the transcript from the court-appointed reporter cannot be certified as accurate.

(3) after the court-appointed reporter files the transcript described above with the district clerk, and regardless of the statement made by the court-appointed reporter in the accompanying certification, the trial court must allow the parties to file objections, if any, to the accuracy of the transcript prepared by the court-appointed reporter and the opinion expressed in the court-appointed reporter's certification.

(4) If a dispute arises about whether the transcript is accurate, the trial court must schedule a hearing on the motion a party files pointing out the nature and the reasons for the dispute and allow the parties to present argument for and against any claim alleging the transcript prepared by the court-appointed reporter is or is not accurate. These motions, if filed, must comply with the requirements in Rule 34.6 of the Rules of Appellate Procedure.

(5) conduct a hearing on any motions pointing out the nature and reasons the party is disputing the accuracy of the court-appointed

6

reporter's transcript or the accompanying certification. Following the hearing, the trial court is to reduce its findings of fact to writing and provide the Court with the findings identified in Rule 34.6 of the Texas Rules of Appellate Procedure.[5] Lastly,

(6) determine and in the exercise of the trial court's sound discretion take any additional steps the trial court determines are reasonably required to allow the trial court to decide if the portions of the appellate record currently missing have been irretrievably lost.

After completing the above steps and any additional steps that the trial court finds are reasonably required, the trial court must then require a court reporter to prepare a reporter's record of the hearings the trial court conducted to comply with this order and then file the reporter's record with the Ninth Court of Appeals, together with any transcript prepared by the court-appointed reporter of the first two days of Wallace's trial, that is the days of the reporter's record missing from the appellate record. The District Clerk is to file a supplemental clerk's record that contains all orders the trial court signed to discharge the duties created by this order.

The supplemental record is due 120 days from the date of this order. The Court will reinstate the appeal without further order when the supplemental clerk's and reporter's records are filed in this Court.

ORDER ENTERED July 21, 2021.

PER CURIAM

Before Golemon, C.J., Horton and Johnson, JJ.

---

[5]Tex. R. App. P. 34.6(f).